# Marshall, Appellant, *v.* Staab, Trading and Doing Business as A. Staab Company.

*Negligence—Automobiles—Collision—Street intersection—Case for jury.*

In an action to recover damages for injuries sustained in a collision between two automobiles, it appeared that the plaintiff, immediately prior to the collision, was approaching a street intersection, at a slow rate of speed. It further appeared that, while crossing, he looked to the right and saw nothing, but that before he reached the center of the street he was struck by the defendant's automobile, which ran 100 feet before it was stopped.

Under such circumstances, the court cannot say, as a matter of law, that the plaintiff was guilty of contributory negligence in failing to allow the car on his right to precede him at the crossing, and the case was for the jury.

Argued April 30, 1924.   Appeal, No. 118, April T., 1924, by plaintiff, from judgment of C. P. Allegheny Co., Jan. T., 1924, No. 653, in favor of the defendant non obstante veredicto, in the case of R. S. Marshall v. A. Staab, trading and doing business as A. Staab Company. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Reversed.

Appeal from judgment of county court.   Before SHAFER, P. J.

The facts are stated in the opinion of the Superior Court.

From the record it appeared that the case was tried in the county court before JONES, J., and a verdict ren-

dered in favor of the plaintiff in the sum of $279.54, and judgment was entered thereon. Defendant filed a petition in the Common Pleas of Allegheny County praying for judgment non obstante veredicto. After argument, SHAFER, P. J., sustained the appeal and directed the county court to enter judgment in favor of the defendant record non obstante veredicto. Plaintiff appealed.

*Error assigned* was the order of the court.

*John H. Sorg,* and with him *Robert D. Dalzell,* of *Dalzell, Fisher & Dalzell,* for appellant.

*F. K. Willman,* for appellee.

OPINION BY TREXLER, J., July 2, 1924:

The case arose out of a collision between two automobiles at the intersection of Forbes and Halket Streets in Pittsburgh. Halket Street runs north and south, Forbes Street east and west. The plaintiff, Marshall, was proceeding in his automobile southwardly on Halket Street and as he approached the intersection of the two streets brought his automobile almost to a stop. He looked toward the left. At that time all the traffic on Forbes Street to his left had stopped. When the front of his car was between the first set of street car tracks on Forbes Street he looked to the right and saw nothing, he then proceeded with his automobile to cross the other tracks and when the front of his car was a couple of feet over the second set of tracks he was struck by defendant's car. When he saw defendant's car, he was just in time to set his brakes before he was struck, and came practically to a stop. The defendant's car struck the right front mudguard of plaintiff's car and gave it a blow which threw it around. Defendant's car then proceeded forward and struck a telegraph pole and kept on for about 100 feet when it stopped. The plaintiff recovered in the county

court. The court of common pleas reversed the judgment of the county court and directed that judgment be entered in favor of the defendant n. o. v. holding that as a matter of law the plaintiff was guilty of contributory negligence. The plaintiff's contributory negligence in the opinion of the court consisted "in not looking when he came to the intersection of the two streets, and in not looking until he was on the first track and but ten feet away from the line in which defendant's automobile was moving and not at that time seeing the defendant's car at all, and further, it seems to us, that the only reasonable inference from the evidence is that the plaintiff, when he came to the crossing, was not so far in advance of the other on his right as to afford a reasonable time to clear the crossing, and that in going on under those circumstances, he was guilty of contributory negligence." The jury having found in favor of the plaintiff, of course every inference in his favor should be given to him. We do not see how his not looking to the right when he entered the street contributed to the accident. Certainly he might, with reason, when entering the street first look to the left because the first line of traffic came against him from that direction. When he advanced to the first track and looked, there is no reason to believe that he could see less than if he had looked when he entered the street. He did look when he was between the first car tracks and saw nothing. If the jury believed his story that he looked and saw nothing, they might have inferred that defendant was so far away that he was not within the area which ordinarily would be covered in the act of looking. Plaintiff was not required to apprehend that defendant was going to approach at a reckless rate of speed. The circumstances surrounding the accident would bear out the inference that the defendant was going at a very rapid rate, even after he struck plaintiff's car, he struck a telegraph pole and then continued 100 feet before stopping. The testimony of the plaintiff was that when he saw defendant's car he stopped practically

at once.   Although, under the law, had these two parties come to the intersection at the same time, the defendant would have had the right of way, the fact that the plaintiff did not see defendant when he was at the second track would indicate that he must have been some distance away and that, therefore the plaintiff might reasonably believe that he had the right of way by reason of his being on the crossing without any other car being near to the right.   In view of these facts, we do not think the case was one that the court could decide that contributory negligence was present as a matter of law. The case presents some difficulties but it strikes us that it was a matter for the jury.

The judgment of the court of common pleas is reversed and the record remitted with instructions that the judgment on the verdict be reinstated.