Newman *v.* Reinish, Appellant.

352

Argued October 6, 1932. 

 Before TREXLER,
P. J., KELLER, GAWTHROP, CUNNINGHAM, BALDRIGE,
STADTFELD and PARKER, JJ. 

*J. Rouse Burns,* for appellant.

*John A. Boyle,* for appellee.

OPINION BY GAWTHROP, J., November 23, 1932:

Plaintiff has judgment on a verdict for damage to
his automobile sustained in a right-angle collision at
the intersection of Seventh Street and Spring Garden
Street in Philadelphia, at 7:30 P. M., March 10, 1931.
Defendant appeals, and the only errors assigned are
the refusal of his point for binding instructions and
the overruling of his motion for judgment n. o. v.

Plaintiff was driving north on Seventh Street and
defendant west on Spring Garden Street, the latter
being one hundred feet wide. The material parts
of plaintiff's version of the accident on direct ex-
amination read: "Q. What happened then, if any-
thing, at Spring Garden Street? A. I had crossed,
I was going north on Seventh Street, I looked
at the west side and it was all right and I looked east
and it was all right, and I had crossed both tracks

and all of a sudden a car, I don't know from where it shot out, and rammed right in the middle of my car. Q. After you looked the first time did you look again? A. Yes, sir. Q. To the east? A. Yes, sir. Q. Where were you when you looked again? A. I was close to the north curb on Seventh Street. Q. Did you see a car coming then, the other car? A. The other car was on top of me. Q. About how far was it from you, what do you mean by 'on top of you?' A. He was about twenty feet away. Q. On what side, right or left? A. On the right ...... Q. At that time about how far away from the north curb were you? A. About six feet ...... Q. Then what happened? A. He jammed right into me there ...... Q. Then what happened when he ran into you, what part of your car was struck? A. Right side middle. Q. What part .of his car ran into you? A. The front ...... Q. When did you see the car? A. When I saw the car? Q. How far were you from the curb? A. About six feet ...... Q. How fast were you going? A. I was going ten or fifteen miles.'' On cross examination his testimony was as follows: ''Q. I suppose the car tracks were in the middle (of Spring Garden Street), is that correct? A. Yes. Q. You first looked to the west? A. Yes. Q. Then you looked to the east? A. Yes. Q. Where were you then? A. I was about in the middle of the tracks ...... Q. I asked you where you were when you first looked to the east? A. I was trying to get across Spring Garden Street. Q. Where were you on Spring Garden Street? A. About the south side on the corner of Seventh and Spring Garden. Q. You were at the curb or house line? A. At the curb. Q. You looked east and didn't see anything? A. No. Q. You proceeded across Spring Garden Street? A. Yes. Q. The next time—you didn't look again until you were six feet from the north curb, did you? A. Yes—no. Q. You didn't until you were six feet from the north curb? A. Yes. Q. Then

you looked again to your right and saw the other car twenty feet away from you, is that correct? A. Yes. Q. The right side of your car was struck about the middle, is that right? A. Yes.'' Plaintiff did not state at what speed defendant's car was approaching, but that fact was supplied by defendant, who testified that he was travelling thirty or thirty-five miles an hour. There was no testimony that there was anything to obstruct plaintiff's view of approaching traffic, or that there were any pedestrians or vehicles within view to require plaintiff's attention.

Accepting, as we must, plaintiff's testimony relative to the speed at which he was driving, fifteen miles an hour, or about twenty-two feet per second, it would take him about two seconds to travel from the middle of the tracks on Spring Garden Street, where he says he looked to the east, to the point where the collision occurred. If defendant's car was travelling at the rate of thirty-five miles an hour, or about fifty-one feet per second, it would travel one hundred and two feet in the same length of time. Therefore, defendant's car must have been about one hundred and two feet from the point of the collision when plaintiff was in the middle of Spring Garden Street. There is no evidence that the lights on defendant's car were not burning. Presumably he was complying with the law in that respect. Why did plaintiff not see defendant's car? The only rational conclusion from his testimony is that he did not look at the middle of Spring Garden Street; for if he looked at that point he must have seen the car approaching so fast that a reasonably prudent person would not have considered it safe to cross ahead of it. While the driver of a car is not required to notice every other car that happens to be approaching within the range of his vision, it is his duty to observe those which are within the area ordinarily covered in the act of looking: Marshall v. Staab,

83 Pa. Superior Ct. 365; Smith, Jr. v. Blafkin, 95 Pa. Superior Ct. 520. It was plaintiff's duty to continue to look for approaching traffic as he advanced. There were no pedestrians or other vehicles requiring his attention and nothing to interfere with his view to the right when he was in the middle of Spring Garden Street. "The law will not permit him to say that he looked where he had an unobstructed view without seeing what was in plain view": Shore Service, Inc. v. P. R. T., 97 Pa. Superior Ct. 541. As stated in Wescott v. Geiger, 92 Pa. Superior Ct. 80, 83, following familiar decisions of our Supreme Court, a person using a public highway must use reasonable care by the exercise of his senses to prevent his own injury, and if he fails to do so the consequences must fall upon him, although the negligent act of another caused his injuries. While one is not required to anticipate and guard against want of ordinary care on the part of another, it is as much his duty to use due care to avoid a collision if the driver of the other vehicle is negligent as it is if he was not: Mehler v. Doyle, 271 Pa. 492, 495. In our view the only rational conclusion from the evidence is that plaintiff contributed to the accident either by failing to continue to look as he crossed Spring Garden Street, or by testing a danger which must have been obvious. It follows that a recovery should not have been permitted, because plaintiff's negligence contributed to the injury. Defendant's point for binding instructions should have been affirmed and his motion or judgment n. o. v. should have prevailed.

The judgment is reversed and here entered for defendant.