Gooden, Appellant, v. Allan C. Hale, Inc.

Argued October 11, 1934.

336 

 Before
Trexler, P. J., Keller, Cunningham, Baldrige, Stadt-
feld, Parker and James, JJ. 

*David S. Malis,* and with him *Maurice S. Levy,* for
appellant.

*Philip L. Leidy,* of *Pepper, Bodine, Stokes & Schoch,*
for appellee.

Opinion by Cunningham, J., February 1, 1935:

Plaintiff recovered a verdict in the sum of $625 for
personal injuries received in a right-angle collision
of delivery trucks at the intersection of Walnut Lane
and Mitchell Street, in the city of Philadelphia, about
2:30 o'clock on the afternoon of November 1, 1929.
The court below, however, granted defendant's motion
for judgment in its favor n. o. v., and this appeal by
plaintiff followed.

No evidence was offered on behalf of the defendant.
There was ample evidence that the driver of its truck
approached and entered upon the intersection at a
speed which was grossly negligent; the only question
here involved is whether the court below was justified
in its conclusion that plaintiff was guilty of contribu-
tory negligence, as a matter of law.

These facts appear from plaintiff's testimony: He
was driving his employer's truck south on Mitchell

Street; as he approached the intersection of that street with Walnut Lane, an east and west street about 40 feet wide, he stopped at the north house line of Walnut Lane and, looking both ways, saw defendant's truck (then in charge of one of its employes) about 200 feet to his right and coming east on the south side of Walnut Lane. Plaintiff put his truck in second gear and started to cross Walnut Lane at a speed of about 10 miles per hour. When he reached the north curb line of Walnut Lane, he looked again and saw defendant's truck then about 150 feet to his right and approaching at "a rapid speed."

To the question, "What did you do then?" he replied, "I looked and I continued on across, thinking perhaps I would make it." Unfortunately he did not "make it." As the front of his truck reached the south curb line of Walnut Lane, it was struck about the middle of its right side by defendant's truck and knocked over to the southeast corner of the intersection. Plaintiff stated that when he next saw defendant's truck after leaving the north curb of Walnut Lane it was within 3 feet of him. Upon cross-examination, he gave 50 miles per hour as his "idea" or "estimate" of the rate of speed at which defendant's truck was approaching and stated that at the rate of speed he was traveling across Walnut Lane he could have stopped his truck within a couple of feet.

His cross-examination concluded: "Q. But you continued to cross Walnut Lane, approximately 40 feet in the face of this car which was coming at the rate of 50 miles an hour, is that correct; did you or did you not? A. Yes, sir. Q. And you never looked again at that car? You never looked at that car again after you passed the curb line until he was 3 feet away from you? A. I was crossing the street. Q. You never looked at him again from the time you left the curb line, you said, until he was 3 feet away from you, and

the collision took place? A. Yes, sir." An eye witness of the accident, called by plaintiff, also estimated the speed of defendant's truck, as it reached the intersection, at 50 to 55 miles per hour.

Giving plaintiff the benefit of every favorable inference from his testimony, we think it is clear that he contributed to the accident, either by his failure to continue to look and driving blindly on until he was about to be struck, or by testing an obvious danger: Frank et al. v. Pleet, 87 Pa. Superior Ct. 494, and Wescott v. Geiger, 92 Pa. Superior Ct. 80. We, accordingly, adopt the following excerpt from the opinion of the court below, written by LAMBERTON, J., in support of the judgment n. o. v.:

"We cannot say that plaintiff was guilty of negligence as a matter of law in starting to cross the street under the circumstances here present. He reached the intersection substantially in advance of defendant's automobile. He need not anticipate that the driver of that automobile would be negligent, and he had the right to proceed, trusting that defendant's automobile would slow down.

"But while he had the right to proceed across the street, he had no right to do so blindly. He was going into a position which, considering the distances and speeds, was one of possible danger, and it was his duty to look and keep looking. As Judge GAWTHROP said in the case of Newman v. Reinish, 106 Pa. Superior Ct. 351, [163 A. 58] 'It was plaintiff's duty to continue to look for approaching traffic.' And again: 'A person using a public highway must use reasonable care by the exercise of his senses to prevent his own injury, and if he fails to do so the consequences must fall upon him, although the negligent act of another caused his injuries. While one is not required to anticipate and guard against want of ordinary care on the part of another, it is as much his duty to use due care to

avoid a collision if the driver of the other vehicle is negligent as it is if he was not.'

"We believe that plaintiff was justified in starting to cross Walnut Lane, but that his duty was to keep looking. Had he looked again after leaving the curb, there would have been no accident. He was, therefore, guilty of contributory negligence as a matter of law, and judgment should be entered non obstante veredicto."

Judgment affirmed.