## Stengel, Appellant, v. McMahon.

Argued October 17, 1934.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Frank F. Truscott,* and with him *John C. Bell,* of *Bell, Trinkle, Truscott & Bell,* for appellant.

*Thos. E. Comber, Jr.,* for appellee.

OPINION BY CUNNINGHAM, J., February 1, 1935:

The sole question involved upon this appeal is whether the court below erred in entering judgment in favor of the defendant notwithstanding a verdict returned for plaintiff in the amount of $300 as damages for personal injuries suffered in a right angle collision between the Packard coupe he was driving and defendant's Chevrolet delivery truck at the intersection of Broad Street and Hunting Park Avenue in the city of Philadelphia, about three o'clock on the afternoon of May 1, 1931.

Counsel for defendant did not introduce any evidence but presented a written point for binding instructions; it was refused and the issues relating to defendant's negligence and plaintiff's contributory negligence were submitted to the jury. Subsequently the court below granted defendant's motion for judgment in his favor upon the whole record, and we now have this appeal by the plaintiff.

Broad Street, running north and south, is 69 feet, and Hunting Park Avenue, an east and west street, 60 feet, from curb to curb. At the time of the accident three vehicular lanes were indicated by white lines upon the eastern half of Broad Street for the use of northbound traffic and the same number upon the western side for southbound. Plaintiff gave this account of the accident.

"I was driving north on Broad Street in the center lane when I reached Hunting Park Avenue, the Hunting Park Avenue intersection. I reached the curb, and saw a truck coming from my left, driving east on Hunting Park Avenue. There was no light there, and inasmuch as I reached the corner first, I thought I had the right of way, and proceeded to cross. When I got a little more than half way across, I saw that this

truck kept on coming, instead of slowing or stopping, and I saw there was going to be a collision which there was...... Q. When you first entered the intersection, where was the truck? A. The truck had not yet reached the corner, but was on Hunting Park Avenue, 10 or 15 feet west of the intersection—the curb line ...... Q. You proceeded on across the intersection? A. Yes. Q. How far did you get before the collision occurred? A. At least half way, maybe a little more.''

On cross-examination, he testified he was driving ''about 30 miles an hour'' and that the speed of the approaching truck was ''40 miles, or more.'' One of plaintiff's witnesses was driving in the same direction, about 30 feet behind him and in the lane nearest the center of Broad Street, but stopped at the south curb line of Hunting Park Avenue when he saw the truck. He corroborated plaintiff with respect to the location of the truck at the time plaintiff started across the intersection and fixed plaintiff's speed at 30 or 35 miles an hour and that of the defendant at about 45. Plaintiff also said the defendant ''made no attempt to slacken down.''

For the purposes of this appeal we treat the negligence of defendant as beyond question. There are no contradictions in the testimony adduced by plaintiff and he is entitled to the benefit of such favorable inferences as may be drawn from it. We are of opinion, however, that the application of familiar rules to the facts, as testified to by him and shown in his behalf, demonstrates that he was guilty of contributory negligence as a matter of law.

As the respective drivers approached the intersection it was the duty of each to observe traffic conditions vigilantly and have his car under such control that he could stop at the first appearance of danger. Manifestly, the defendant did not perform that duty, but we think it is equally clear that plaintiff likewise

failed in its performance. Certainly the driver of a motor vehicle who, at an hour when both vehicular and pedestrian traffic may reasonably be expected to be of average density, approaches and enters upon the intersection of two main streets at a rate of speed of from 44 to 51 feet a second is not exercising that degree of care which an ordinarily careful and prudent person would exercise under such circumstances; nor does he have his car under control to the extent required of drivers approaching and about to enter upon an intersection.

Stress is laid by plaintiff in his testimony and by his counsel in their argument upon the fact that he was approaching from defendant's right, reached the intersection first, and therefore had the right of way. It is true that plaintiff was entitled to the technical right of way by a slight margin, but that did not justify him in disregarding the danger created by the presence of the truck, which he saw only 55 or 60 feet away and coming at a rate of speed so much faster than that at which he was driving that it would necessarily intersect his path within a couple of seconds.

But it is contended that plaintiff, having reached the south curb line of Hunting Park Avenue first, had a right to assume that the driver of any vehicle approaching from his left would do so at a moderate speed and with his car under control — in other words, that plaintiff was not required to anticipate and guard against the lack of ordinary care upon the part of defendant. Under the facts here present, however, it was not a question of what plaintiff was, or was not, required to anticipate. He was confronted with an existing condition. Under his own statement, he saw the truck only a short distance away and bearing down upon him at a reckless rate of speed. Obviously, an ordinarily prudent and careful driver would have yielded the right of way to it. As stated by the

learned trial judge, "The law does not lay down principles of right of way in order to encourage persons to enter into dangerous competition in the assertion of their right of way. One who technically has the actual right of way by a trifling distance, and who, nevertheless, sees that to insist upon that right of way will throw him into obvious danger, is of course, guilty of negligence."

Every person driving on a public highway, even though he may have the right of way, must use reasonable care through the exercise of his senses to prevent his own injury and if he fails to do so the consequences must fall upon him, although the negligent act of another caused his injuries. Cf. Newman v. Reinish, 106 Pa. Superior Ct. 351, 163 A. 58; Gooden v. Hale, Inc., 116 Pa. Superior Ct. 335, 176 A. 855, and cases there cited.

In our opinion, plaintiff was so clearly guilty of contributory negligence that defendant's point for binding instructions should have been affirmed. The court below was, therefore, fully justified in entering the judgment from which this appeal was taken.

Judgment affirmed.