Dudenhoefer et al., Appellants, *v.* Williams.

Argued April 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-
FELD, PARKER, JAMES and RHODES, JJ.

*J. W. Himebaugh,* of *Marsh, Spaeder, Himebaugh & Baur,* for appellants.

*H. E. McCamey,* with him *H. A. Robinson,* of *Dickie, Robinson & McCamey,* and *Samuel L. Gilson,* for appellee.

OPINION BY KELLER, P. J., July 15, 1937:

It will be assumed that the defendant was guilty of negligence. The jury so found and there is ample evidence in the record to support the finding. But the court entered judgment non obstante veredicto in favor of the defendant, because the driver plaintiff's own testimony established his contributory negligence as matter of law. We think the record sustains the action of the court.

At two-thirty o'clock in the morning of June 6, 1935, the plaintiff Dudenhoefer was driving a milk truck belonging to the other plaintiff, by whom he was employed, westward on Twenty-sixth Street, a through traffic highway in the City of Erie, and traveling not faster than 22 miles an hour. As he approached State Street, a street 64 feet wide between curbs, his view to the north—his right—was obstructed until his car was about five feet east of the east curb line of State Street, when he looked to his right and saw defendant's car about 40 feet distant from the intersection and coming towards him at a speed of from 40 to 45 miles an hour. Although the driver plaintiff could have stopped his truck within 15 to 20 feet, he went on, relying, he said, on the fact that the street he was traveling on was a through traffic highway and that defendant would stop his car before entering the intersection. The defendant did not stop, and Dudenhoefer continued on his course until near the center of the intersection, when seeing the defendant's car almost upon him, to avoid a collision he turned his truck to the left and ran into

an iron pole at the southwest corner of the intersection, resulting in personal injury to himself and property damage to his employer's truck, for which separate verdicts were rendered.

Of course, the defendant should have slowed down his car as he approached the through traffic highway, and stopped before entering upon it, and his omission to do so was negligence; but the plaintiff could not heedlessly proceed into the path of a fast approaching, obvious danger. As the learned President Judge of the court below well said, in his opinion entering judgment non obstante veredicto: "An automobile about forty feet from an intersection, traveling toward it at the rate of 40 to 45 miles per hour, is notice to others approaching the intersection that the driver cannot stop his car within that distance and that he intends to arrogate to himself the right of way ...... The circumstances excused Dudenhoefer from looking to the north until he was within five feet from the intersection, but when from that point, with his truck under control, he saw the defendant about forty feet from the intersection and approaching it at the rate of forty miles an hour, the exercise of ordinary care required him to stop his truck to prevent the injury. The speed at which defendant was driving warned him that defendant could not stop his car before entering the intersection. Though a driver, having the right of way, may take into consideration as a factor upon which, with others, to base his conduct, the duty of other drivers to obey the law and the probability that they will do so (*Rhinehart v. Jordan*, 313 Pa. 197) yet having the right of way at an intersection he is still bound to use proper care to avoid collision with an approaching vehicle: *Byrne et al. v. Schultz*, 306 Pa. 427. 'Every person driving on a public highway, even though he may have the right of way, must use reasonable care through the exercise of his senses to prevent

his own injury and if he fails to do so the consequences must fall upon him, although the negligent act of another caused his injuries. Cf. *Newman v. Reinish,* 106 Pa. Superior Ct. 351, 163 A. 58; *Gooden v. Hale, Inc.,* 116 Pa. Superior Ct. 335, 176 A. 855, and cases there cited.' *Stengel v. McMahon,* 116 Pa. Superior Ct. 349."

We may add that our attention has been directed to no act of assembly which permitted the driver, Dudenhoefer, and his employer, Sanitary Farms Dairy, Inc., to join their separate claims for damages in a single action of trespass (*Hug v. Hall,* 79 Pa. Superior Ct. 392, 395); but as objection to the defect was not taken by statutory demurrer in the court below, it cannot now be raised: *Rice v. Erie R. R.,* 271 Pa. 180, 182, 183, 114 A. 640.

The judgment is affirmed.