Balkie *v.* Philadelphia Rapid Transit Company, Appellant.

Liney *v.* Philadelphia Rapid Transit Company, Appellant.

Argued May 10, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*Layton M. Schoch,* with him *Bernard J. O'Connell,* for appellant.

*John J. K. Caskie,* for appellees.

OPINION BY MR. JUSTICE DREW, June 17, 1938:

We have here two actions in trespass by plaintiffs to recover damages for personal injuries received by them

in a collision between a trolley car of the defendant company and a hook and ladder fire truck of the City of Philadelphia, operated by the plaintiff, Balkie, and commanded by the other plaintiff, Captain Liney, at the intersection of Germantown and Glenwood Avenues in Philadelphia on March 22, 1936.

The fire truck, not going to a fire nor traveling in an emergency, having signalled its approach with both bell and siren, proceeded to cross Germantown Avenue at a speed of about ten miles per hour with the light in its favor. The driver had looked in both directions before entering the intersection, saw the defendant's street car approaching from his left at about five miles an hour, and, assuming that it would stop, continued to cross Germantown Avenue. Instead, the motorman, without heeding the traffic light, the signals from the truck, or what he must plainly have seen, had he looked, increased the speed of the car and ran directly in front of the truck. Plaintiff driver turned sharply to avoid an impact—indeed succeeded in turning the front of the tractor section of the truck out of the path of the trolley car—but the car hit the left rear wheel of the tractor, throwing the tractor against a trolley pole located thirty feet south of the southwest corner on Germantown Avenue. Following verdicts for plaintiffs defendant filed motions for judgments n. o. v. which the court below dismissed. These appeals were subsequently taken.

The facts are set out in detail, and quite fairly, in the opinion of the lower court, and it is unnecessary for us to repeat them here. Examined in the light most favorable to plaintiffs, as they must be in considering defendant's motions for judgment (*Galliano v. East Penn Electric Co.*, 303 Pa. 498), they show conclusively that plaintiffs were not guilty of negligence as a matter of law. In fact, they indicate to us, as they did to the jury, that the accident was the result of the admitted negligence of defendant's motorman and that plaintiffs were not negligent at all. The motorman did not look and did not see

the truck in the intersection and in the track ahead of him.

It was testified that the truck entered the intersection first, that the traffic signal was green in favor of the truck and red for the trolley car, that the driver of the truck was trying to leave the track before the street car reached the north houseline. Many witnesses testified that the siren and bell of the truck were sounding continuously and could be heard a long distance. A passenger on the car said that he heard the siren and bell distinctly when the street car came from under the railroad bridge, 227 feet north of the north curbline of the intersection. With such testimony before them it would have been more than passing strange if the jury had not returned verdicts for plaintiffs.

It is contended that the driver of the fire truck was not entitled to assume that the motorman would respect his superior right at the intersection. We are firmly of the contrary opinion. It is true that the driver of a motor vehicle may not proceed blindly in reliance upon his right of way *(Mathiasen v. Brennan,* 318 Pa. 577; *Byrne v. Schultz,* 306 Pa. 427) but when a pedestrian or driver has the right of way and sees the approach of an automobile or street car giving all indication that it will yield to his superior right he may proceed on the assumption that it will: *Christ v. Hill Metal & Roofing Co.,* 314 Pa. 375; *Dickun v. Pittsburgh Rys. Co.,* 308 Pa. 20; *Ehrhart v. York Rys. Co.,* 308 Pa. 566; *Dopler v. Pittsburgh Rys. Co.,* 307 Pa. 113; *Galliano v. East Penn Electric Co.,* supra; *Murphy v. P. R. T. Co.,* 285 Pa. 399. In the instant case the driver of the fire truck saw the trolley car approaching slowly enough to stop. He had no reason whatever to suppose that the motorman would not see what was immediately before him less than 100 feet away, and would increase the speed of his car, and make an accident inevitable. Upon this record the court below could not have done other than refuse the motions for judgment non obstante veredicto.

Judgments affirmed.