Hess *v.* Mumma  et al., Appellants.

Argued November 12, 1940.

Before Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*G. T. Hambright,* with him *Isaac R. Herr,* for appellants.

*Chas. W. Eaby,* for appellee.

OPINION BY HIRT, J., April 16, 1941:

This appeal from the refusal of the court to enter judgment for the defendants n.o.v. raises the single question of plaintiff's contributory negligence as a matter of law.

Fruitville Pike and Keller Avenue intersect at right angles near the City of Lancaster. They are both public highways, each improved with a macadam pavement sixteen feet wide. Neither is a "through highway." On March 19, 1937 the minor plaintiff, then about 19 years of age, was driving his automobile southwardly on Fruitville Pike. It was daylight with good visibility. Plaintiff testified that he approached the intersection driving his automobile at 20 to 25 miles an hour and that he first looked for traffic on Keller Avenue when "about 20 to 25 feet north of the intersection." He then for the first time saw defendants' truck proceeding westwardly on Keller Avenue and when he saw the truck it was 40 feet from the intersection approaching at a speed of 35 to 40 miles an hour. Each automobile proceeded into the intersection on its proper side of the highway without changing its course and although plaintiff applied his brakes as soon as he saw defendants' truck, he was unable to stop in time and the two vehicles collided in the intersection, the front of plaintiff's car striking the right side of defendants' truck just behind the cab. The truck was first in the intersection. On direct examination, plaintiff said "I applied the brakes as soon as I seen him, but it was too late, and we collided." Later, when questioned by the trial judge, he testified: "Q. Did I understand your testimony that you were 20 to 25 feet north of the intersection when you applied your brakes? A. Yes, sir. Q. And at that time you saw the truck of the defendant, one of the defendants, I think 40 feet east of the intersection? A. Yes. sir. Q. Were you *unable* to stop your car by applying your brakes within the 20 feet before you reached the intersection? A. *Yes.*" Plaintiff's

version of the accident was corroborated to some extent by a disinterested witness who testified that he heard plaintiff's brakes screeching when plaintiff's car was 9 or 10 feet from Keller Avenue and that the automobiles came together in the northwest quadrant of the intersection.

The testimony presents a clear case of plaintiff's failure to conform with the standard of care fixed by the settled law relating to and defining the duties of drivers of automobiles at street intersections. It has been said many times that it is the duty of the driver of an automobile on nearing a street crossing, both to have his car under control and to observe if vehicles are approaching on the intersecting street. *Simon v. Lit Bros. Inc.*, 264 Pa. 121, 107 A. 635. And while a driver is not required to anticipate and guard against want of ordinary care on the part of another *(Polonofsky et al. v. Dobrosky*, 313 Pa. 73, 169 A. 93) "it is as much his duty to use due care to avoid a collision if the driver of the other vehicle is negligent as it is if the other driver was not negligent: *Mehler v. Doyle*, 271 Pa. 492, 495. 'A person using a public highway...... must use reasonable care by the exercise of his senses to prevent injury and if he fails to do so the consequences must fall upon him although the negligent act of another caused his injuries' ": *Wescott v. Geiger*, 92 Pa. Superior Ct. 80; *Lewis v. Wood*, 247 Pa. 545, 93 A. 605. The duty is imposed upon a driver to look for cross traffic at an intersection so *that he may take heed* from what his senses warn him. It is therefore of no controlling importance that defendant driver may have been negligent, though first in the intersection, or that plaintiff had the technical right of way over defendants' truck approaching from his left. "Every person driving on a public highway even though he may have the right of way, must use reasonable care through the exercise of his senses to prevent his own injury and if he fails to do so the consequences must fall upon him,

although the negligent act of another caused his injuries:" *Stengel v. McMahon,* 116 Pa. Superior Ct. 349, 176 A. 857.

Keller Avenue runs in a general westwardly direction and then turns sharply to the left continuing approximately parallel with Fruitville Pike for about 500 feet, then turning to the right about 50 feet from the intersection. Plaintiff was familiar with Keller Avenue and its circuitous course and its abrupt turn westwardly across Fruitville Pike. Therefore, giving full weight to his testimony that, because of an intervening hedge, it was impossible for him to see defendant's truck until it made the turn 50 feet from the crossing, it was nevertheless his duty to have his car under such control that on observing the approach of the truck in the intersecting street, he could then come to a stop in time to avoid injury, and this is so, though we accept as a favorable inference that plaintiff could not see vehicles approaching from the east until he was within 25 feet of the intersection. From his own testimony that even the immediate application of his brakes could not then prevent the collison, the conclusion is inescapable that he did not have his car under control and that his speed was excessive under the circumstances.

Plaintiff's speed resulting in lack of control of his automobile was a contributing cause of the injury. "The principle has been many times repeated that a driver who enters a street intersection without looking for vehicles proceeding in the cross street, or who looks but proceeds directly into the path of a rapidly approaching vehicle, is contributorily negligent as a matter of law": *Jaski v. W. Park Daily C. & D. Inc.,* 334 Pa. 12, 5 A. 2d 105; *Spear and Company v. Altmyer,* 124 Pa. Superior Ct. 9, 187 A. 309. One who looks but cannot stop is in no better position than one who, though able to stop, drives blindly into the intersection without looking. Both are equally negligent. Plain-

tiff's own testimony convicts him of contributory negligence as a matter of law.

Judgment reversed and directed to be entered for defendants n.o.v.