## Williams, Appellant, v. Philadelphia Toilet and Laundry Company.

Argued October 2, 1942.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, RHODES, HIRT and KENWORTHEY, JJ.

*Joseph V. Somers,* with him *James A. Somers,* for appellant.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellee.

OPINION BY CUNNINGHAM, J.:

In this action of trespass for personal injuries and property damage sustained in a right angle collision between plaintiff's automobile and defendant's truck, the only question for appellate review is whether plaintiff was guilty of contributory negligence as a matter of law.

The result of a trial before GLASS, J., and a jury, was a verdict for the plaintiff in the sum of $200; the court below granted defendant's motion for judgment in its favor, n.o.v., and plaintiff has appealed. Defendant neither filed an affidavit of defense nor offered any testimony; the negligence of defendant's driver is not controverted.

The accident occurred "between half-past three and four" o'clock on the afternoon of April 4, 1939, when a four-door Dodge sedan, owned and operated at the time by the plaintiff, Frank Williams, was struck by defendant's truck at the intersection of Fifty-eighth Street and Larchwood Avenue, in the city of Philadelphia. Plaintiff was proceeding north on Fifty-eighth Street and defendant's driver west on Larchwood Avenue. Both are two-way streets, thirty-four feet from curb to curb and flanked by sidewalks of a uniform width of thirteen feet.

The only testimony at the trial was that of plaintiff and his witness, Paul Comly. Plaintiff testified he "was going fifteen or eighteen miles an hour, and [he] tapered down coming to the corner to about twelve"; after looking to the left, about at the houseline, he then looked to the right and saw defendant's truck "between fifty and sixty" feet from the corner approaching at a

speed of twenty to twenty-five miles per hour upon the south (or wrong) side of Larchwood Avenue. After stating that as he entered the intersection the truck was "forty, forty-five feet, maybe, or more" to his right, plaintiff described the subsequent course of events as follows: "Well, all at once I seen he seemed to be coming faster. Whether he was on the wrong pedal I don't know, but he gained speed anyhow, and I seen I was going to be hit. I immediately put my foot on the brake. I thought that would help me some if he hit me hard, and his right wheel struck about the center of my car, ...... and the spring went through the back door." Plaintiff also testified that as defendant's truck approached the intersection its left side was about ten feet from the south curb of Larchwood Avenue. When struck, plaintiff's car had not quite reached the center of the intersection and the force of the impact turned it towards the northeast.

Plaintiff admitted that as he was about to enter Larchwood Avenue he could have stopped within a distance of three feet. The reason he decided to proceed into the intersection in the face of the oncoming truck, instead of stopping at the curb and yielding the right of way to the truck, was thus stated by him during his cross-examination: "Q. You figured you were going to get to the intersection first? A. I was already there first. Q. And you figured you had the right of way? A. Yes. That is the reason I went ahead. Q. And you relied upon your right of way; is that right, sir? A. Yes. I was there first."

Granting, as contended by counsel for plaintiff (citing *Kaiser Co., Inc. v. Am. Ind. Laundry Co.*, 138 Pa. Superior Ct. 124, 127, 10 A. 2d 64) that defendant's driver forfeited the right of way, to which he would have been normally entitled as the one approaching from the right, by being on the wrong side of the street, it by no means follows that plaintiff acquired an unqualified right to proceed into the intersection and across the obvious line of travel of defendant's truck.

As was said by KELLER, J., (now President Judge) in *Lochetta v. Cunningham Cab Co., Inc.,* 98 Pa. Superior Ct. 4, 6: "The car approaching from the left only has the right of way when it arrives at the intersection so far in advance of the car on its right that a reasonably prudent man would be justified in believing that he would clear the *intersection of the paths of the two vehicles* before the other car arrived there."

"Even if a driver on the left reach the intersection first, he may not exercise his right to go forward unless so far in advance of the other as to afford reasonable time to clear the crossing without collision, an element which requires him to take into account not only his own speed but the speed of the other car, together with the distances to be covered before their courses intersect": *Brayman v. DeWolf,* 97 Pa. Superior Ct. 225, and cases there cited. See also *Hess v. Mumma et al.,* 144 Pa. Superior Ct. 313, 315, 19 A. 2d 524.

While a driver is not required to anticipate and guard against want of ordinary care on the part of another, it is as much his duty to use due care to avoid a collision if the driver of the other vehicle is negligent as it is if the other driver was not negligent: *Mehler v. Doyle et al.,* 271 Pa. 492, 495, 115 A. 797; *Wescott v. Geiger,* 92 Pa. Superior Ct. 80, 83; and *Stengel v. McMahon,* 116 Pa. Superior Ct. 349, 176 A. 857.

The issue here involved—whether the court below erred in declaring plaintiff guilty of contributory negligence, as a matter of law, under the circumstances disclosed by the evidence—must be examined in the light of these established principles of law, and the evidence must be read in the light most favorable to the plaintiff.

Taking plaintiff's own version of the accident and adopting the most favorable view of his own estimates of distances and speeds, we have these circumstances from which to determine whether he acted under them as a reasonably prudent person would act, *i. e.,* whether a reasonably prudent man would be justified in believ-

ing he would clear the intersection of the lines of travel of the respective vehicles before the truck arrived at that point. Plaintiff approached the intersection with his car fully under control and when he reached the houseline on the south side of Larchwood Avenue looked first to the left, as was his duty, and then to his right. He then saw the defendant's truck not more than sixty feet to his right and approaching on the wrong side of the street, about ten feet from the south curb of the avenue, at a speed of at least twenty miles per hour, or twenty-nine and one third feet per second, which would carry the truck across plaintiff's line of travel and into the center of the intersection, a distance of seventy-seven feet, in less than three seconds. Although able to stop his car within three or four feet, plaintiff continued across the curb line and into the intersection when the truck, as he says, was approximately forty-five feet to his right, thus creating a situation which would make a collision practically inevitable, even without any increase in the speed of the truck, if plaintiff continued his advance into the intersection.

The testimony of Comly, plaintiff's witness, was not helpful to the latter. The witness was driving his automobile south on the west side of Fifty-eighth Street, intending to make a left-hand turn into Larchwood Avenue; seeing the truck approaching on the avenue and plaintiff's car on Fifty-eighth Street he stopped to await an opportunity to turn into the avenue with safety. Comly stated he thought the truck and plaintiff's car were each traveling at about the same rate of speed, "around possibly, maybe, fifteen miles an hour," when he first saw them, and that each was approximately the same distance from the corner. His testimony upon the important question in the case reads: "Q. And did you see Mr. Williams' car when he reached the intersection? A. I did. Q. When he reached the intersection where was the truck? A. When Mr. Williams reached the

intersection, that is his front wheels parallel with the curb, the truck was about, I would say maybe ten feet from the corner."

Each case of this kind must be determined upon its own circumstances. There can, of course, be no rigid rule as to how far away a vehicle approaching at right angles from either side of an intersection must be in order to justify a driver, about to enter the same intersection, in proceeding without being guilty of negligence: *Primio v. Haertter,* 115 Pa. Superior Ct. 564, 565, 176 A. 58. Taking into consideration the low rate of speed at which the plaintiff in this case was advancing, his ability to stop within a few feet, the rapid approach of the defendant's truck, and the distances to be traveled before the paths of the vehicles would intercept, a majority of the members of this court think the conclusion cannot be escaped that the plaintiff was guilty of contributory negligence, as a matter of law. Conceding the negligence of the driver of defendant's truck, plaintiff, when he arrived at the intersection, was not so far in advance of the truck as to justify a reasonably prudent person in believing, under all the attending circumstances, that he would clear the point at which their paths would cross before the truck reached that point.

"Every person driving on a public highway, even though he may have the right of way, must use reasonable care through the exercise of his senses to prevent his own injury and if he fails to do so the consequences must fall upon him, although the negligent act of another caused his injuries": *Stengel v. McMahon,* supra, p. 353.

Judgment affirmed.

PER CURIAM, December 14, 1942:

The foregoing opinion was written by Judge CUN-NINGHAM before his death on December 6, 1942. It is now adopted and filed as the opinion of the Court.