## Matys *v.* Consumers Ice and Coal Company, Appellant.

Argued March 6, 1944. Before KELLER, P. J., BALD-
RIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Frank M. Walsh,* with him *E. F. McGovern,* for ap-
pellant.

*Stephen Teller* for appellee.

OPINION BY BALDRIGE, J., April 11, 1944:

The plaintiff brought this action of trespass to recover
damages to his automobile due to a collision with de-
fendant's truck in the borough of Avoca, Luzerne
County. He obtained a verdict upon which judgment
was entered. The defendant appealed alleging that the
evidence showed that plaintiff was guilty of contribu-
tory negligence and did not establish the truck driver's
negligence. It is necessary, therefore, to examine plain-
tiff's evidence and to view it in a light most favorable to
him.

He testified that on March 11, 1941, at about 1:30
P. M. he was driving his auto at the rate of 20 miles per
hour in a northerly direction on Main Street, which is a
through street 40 feet wide. Snow, which had been fall-
ing, was packed on the roadway into an "icy sheet."
When he was on a "knoll" about 50 to 75 feet from
Church Street, which is 20 feet wide and is at right
angles to Main Street, he first observed to his right
defendant's truck then "10 feet or so" from Main Street
"sliding and skidding" down Church Street, which has

a 30% grade. Before entering Main Street the truck driver "stepped on the gas and tried to get across the street" and as there was not room for him (the plaintiff) to pass back of defendant's truck he struck the rear portion of it. He acknowledged that owing to the hill or knoll over which he was coming on Main Street the truck driver could not see a car approaching from that direction more than 50 to 75 feet. Plaintiff testified that he "knew the danger of that intersection" as he was born and raised in that immediate neighborhood. Notwithstanding he saw the truck sliding and skidding down the steep hill he did not attempt to reduce his speed or make any effort to avoid an accident, but drove into defendant's truck after it was well within the intersection. He did not state that he could not have stopped his car between the time he saw the truck and the collision. It was his duty to have his car under control as he approached the intersection. That is especially true as he knew he was in a danger zone and that he was incurring a risk in proceeding at the speed he was traveling. "One who looks but cannot stop is in no better position than one who, though able to stop, drives blindly into the intersection without looking. Both are equally negligent." *Hess v. Mumma et al.,* 144 Pa. Superior Ct. 313, 316, 19 A. 2d 524.

One driving on a public highway, even though he may have the right of way, must use reasonable care to prevent a collision and if he fails to do so must bear the consequences although the negligent act of another caused his injuries: *Stengel v. McMahon,* 116 Pa. Superior Ct. 349, 353, 176 A. 857. "The duty is imposed upon a driver to look for cross traffic at an intersection *so that he may take heed* from what his senses warn him. It is therefore of no controlling importance that defendant driver may have been negligent, though first in the intersection or that plaintiff had the technical right of way over defendants' truck approaching

from his left." *Hess v. Mumma et al.*, supra, 315.

Notwithstanding the plaintiff was on a through high-way and that a stop sign faced the truck driver on Church Street, plaintiff was not relieved of the duty of exercising reasonable care at the intersection: *Spear and Company v. Altmyer*, 124 Pa. Superior Ct. 9, 14, 187 A. 309. The only rational construction that can be given to the plaintiff's version of the accident is that he was not using due care on this icy street when he drove into this truck before it had cleared the intersection. He clearly was guilty of contributory negligence.

Furthermore, we fail to find the proof offered by either party that the truck driver was guilty of negligence. Skidding of a vehicle does not constitute negligence, unless it results from some negligent conduct upon the part of the driver: *Goldenberg et al. v. Phila. Rural Transit Co.*, 112 Pa. Superior Ct. 163, 166, 170 A. 360; *Johnson v. American Reduction Co.*, 305 Pa. 537, 541, 158 A. 153; *Luderer v. Moore*, 313 Pa. 71, 73, 169 A. 106. We find no evidence disclosing that the skidding or sliding of defendant's truck was due to its negligent operation. It was apparently caused by the icy condition of the cartway of this hilly street. There was no direct testimony that defendant's truck driver failed to come to a full stop before entering the street or at the time he entered Main Street any approaching traffic was within his sight. If no traffic was observable the endeavor to get across the street was not culpable. Admittedly, he was in the intersection ahead of any traffic and had succeeded in reaching the middle of the intersection before the collision. The truck driver said that when he got to Main Street he looked east and west, saw nothing coming and then "stepped on the gas with the truck in gear and proceeded across Main Street. When the truck was half way across Main Street Dr. Matys approached over the knoll, coming east on Main Street at a terrific speed ...... When

Dr. Matys saw the truck going into the other intersection of Church Street he applied his brakes and when he applied his brakes he lost control of his car ...... and run into the left rear of the truck ......" The evidence does not warrant the conclusion that plaintiff successfully carried the burden of establishing that defendant's driver was negligent in the operation of the truck. He simply showed there was a collision.

Under all the evidence here we think the plaintiff was not entitled to recover. Judgment is reversed.