## Schall, Appellant, v. Penn Transit Company.

Argued March 20, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused May 14, 1945.

*Edward O. Spotts, Jr.,* with him *James P. McArdle,* and *Louis L. Claster,* for appellant.

*Robert D. Dalzell,* with him *Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY MR. JUSTICE HORACE STERN, April 9, 1945:

The court below properly entered judgment for defendant n. o. v. because of plaintiff's contributory negligence.

Plaintiff operated his automobile on the evening of January 30, 1942, in a southerly direction along Freeport Road in the City of New Kensington at a speed of 30 to 35 miles per hour. His car was running about a

foot or two to the west of the centre line of the road. Freeport Road is 30 feet in width and is a through state highway. North Street, which is also 30 feet in width, intersects Freeport Road from the west but does not cross it. There is a stop sign on the southerly side of North Street 21 feet 8 inches back of the road. From this sign there is a view up the road for a distance of 430 feet, and from a point four feet closer to the road the view north is increased to 810 feet; conversely, views for the same distances respectively may be had down Freeport Road to these two points. The street light at the intersection was burning at the time of the accident which gave rise to the present action.

Defendant's bus, coming east on North Street, stopped at the sign and then, starting up again, continued on toward and into Freeport Road at a speed of five to six miles per hour. Plaintiff did not see the bus, although it was fully lit up, until he was 50 to 70 feet away and the bus was 4 to 6 feet back on North Street; assuming, he says, that it would stop before emerging on Freeport Road, he kept on and did not apply his brakes until he was 25 to 30 feet away and the bus was 2 or 3 feet out on the road. His car struck it on or immediately behind its left front wheel, the bus being then 4 or 5 feet past the centre line of Freeport Road. The force of the collision was very great, wrecking the front of plaintiff's car beyond repair and causing considerable damage also to the bus. Plaintiff was rendered unconscious, sustained various injuries, and brought this suit to recover damages. A verdict in his favor was nullified by the court's entry of judgment for defendant n. o. v.

It cannot be doubted, according to plaintiff's testimony, that the bus operator was negligent, but it also cannot be doubted that he himself was guilty of contributory negligence. From the point where the bus started at the stop sign to the place where the collision

occurred was a distance of 40 to 42 feet; for the bus to traverse that distance consumed about 5 seconds; during that time plaintiff covered approximately 220 feet and the passage of the bus from the stop sign to and across half the width of Freeport Road was in his plain view; nevertheless he continued on and made no attempt to stop his car until he was so near that collision was inevitable. He bases his defense against the charge of contributory negligence on the provision of the Vehicle Code of May 1, 1929, P. L. 905, section 1016, as amended, which forbids the operator of any vehicle from entering a through highway, when an official "thru traffic stop" sign has been erected, without first coming to a full stop within a reasonable distance before entering the intersection on such highway, and on the provision of section 1014(c), which requires the operator of a vehicle entering a through highway to yield the right of way to all vehicles approaching in either direction on such highway. It is true that, because of those provisions, it has frequently been ruled that a person operating a vehicle on a through highway is justified in assuming that anyone approaching on an intersecting road or street will obey the stop signal and give him the right of way as required by the code: *Rhinehart v. Jordan,* 313 Pa. 197, 199, 200, 169 A. 151, 152; *Balkie v. Philadelphia Rapid Transit Co.,* 331 Pa. 93, 95, 200 A. 52, 53; *Rowles v. Evanuik,* 350 Pa. 64, 68, 69, 38 A. 2d 255, 257; *Torrens v. Belfatto,* 116 Pa. Superior Ct. 339, 343, 176 A. 533, 535; *Roth v. Hurd,* 140 Pa. Superior Ct. 401, 404, 405, 13 A. 2d 891, 893; *Steingart v. Kaney,* 144 Pa. Superior Ct. 534, 19 A. 2d 499; *Glennon v. Ostroff,* 147 Pa. Superior Ct. 182, 184, 185, 24 A. 2d 29, 30; *Reiter v. Andrews,* 155 Pa. Superior Ct. 449, 451, 38 A. 2d 508, 510. But section 1014(c) of the Vehicle Code, after providing, as above stated, that the operator of a vehicle entering a through highway shall yield the right of way to all vehicles approaching on such highway, fur-

ther states that "This provision shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way." Therefore the operator of a vehicle on a through highway may not, notwithstanding his superior right of way, rely blindly upon an assumption that the operator of a vehicle on an intersecting road or street will obey the law; he must be reasonably vigilant to observe traffic conditions on the intersecting highway, and if he carelessly ignores the approach of a vehicle after he sees, or should have seen, that it has not in fact stopped before entering the through highway he is thereby guilty of contributory negligence: *Byrne v. Schultz,* 306 Pa. 427, 430, 431, 160 A. 125, 126; *Mathiasen v. Brennan,* 318 Pa. 577, 579, 179 A. 438, 439; *Maio v. Fahs,* 339 Pa. 180, 185, 186, 14 A. 2d 105, 108; *Spear & Co. v. Altmyer,* 124 Pa. Superior Ct. 9, 14, 187 A. 309, 311, 312; *Haney v. Woolford,* 124 Pa. Superior Ct. 208, 211, 188 A. 405, 406; *Dudenhoefer v. Williams,* 127 Pa. Superior Ct. 166, 168, 169, 193 A. 77, 78, 79; *Matys v. Consumers Ice & Coal Co.,* 154 Pa. Superior Ct. 568, 570, 571, 36 A. 2d 821, 822; *Stegner v. Florini,* 103 Fed. 2d 980, 981. In the present case plaintiff, had he been reasonably careful, would have noticed that the bus had stopped at the through traffic sign, within a reasonable distance, as the Vehicle Code prescribes, before entering the intersection on Freeport Road, and that it had started up again and, though travelling slowly, was coming onto and across Freeport Road in the direct path of his own car,—all of which he could have seen at a time when his car was sufficiently distant to have afforded him ample time to avoid the collision. Under such circumstances he cannot seek exculpation because of an alleged right to assume something

which, as he might readily have observed, was contrary to the fact.

Judgment affirmed.