## Shaner *v.* Smith, Appellant.

Argued April 13 and 16, 1951. Before STERN, STEARNE, JONES, LADNER and CHIDSEY, JJ.

422

*Victor J. Roberts*, with him *High, Swartz, Flynn & Roberts*, for appellant.

*S. Walter Foulkrod, Jr.* and *Frank R. Ambler*, with them *Duffy, McTighe and McElhone* and *Desmond J. McTighe*, for appellee (Appeal No. 88).

*Nicholas H. Larzelere*, for appellee (Appeal No. 89).

OPINION BY MR. JUSTICE ALLEN M. STEARNE, May 21, 1951:

The two appeals are from two judgments in actions of trespass which arose from the same automobile accident. An automobile owned and operated by John W. Smith and a tractor-trailer owned by Leroy M. Shaner collided. One suit is by W. Marshall Anders and his wife against Smith and Shaner to recover for damage done to their dwelling. The other suit is brought by Shaner, the owner of a tractor-trailer, against Smith for damages to the motor unit. The jury in each case found for the plaintiff against Smith only. The driver of the tractor-trailer was killed but any claim in connection with such death is not before us. The court below submitted the issues of negligence and contributory negligence to the jury which, as stated before, found for the respective plaintiffs. The

amounts of the verdicts are not in question. Appellant filed motions for judgments n. o. v. It is from the judgments entered on the verdicts for the plaintiffs that appellant appeals.

All the evidence was produced by plaintiffs. Defendant did not testify or offer any evidence. Plaintiffs' witnesses testified that on a clear dry day at about 2:30 p. m. the tractor-trailer unit owned by Shaner and operated by Esworthy (killed in the accident) was proceeding west along Ridge Pike approaching Joshua Road which intersects Ridge Pike at a right angle. At that point Ridge Pike is fifty feet wide and a through highway and consists of four lanes of concrete and two five-foot shoulders. An automobile operated by Smith was proceeding south on Joshua Road, a macadam highway twenty feet wide running north and south. An official stop sign is located on Joshua Road at the northwest corner of the intersection. Clear vision exists at the northeast corner of this intersection, looking from Joshua Road east to Ridge Pike. When about 300 to 400 feet from the intersection and traveling at about 35 to 45 miles per hour, the tractor-trailer was seen to swerve from the far north lane of Ridge Pike (its own far right hand lane) to the inside, westbound lane, next to the center line of the highway. Its horn was blown several times. Smith entered the intersection. The left front side of the automobile collided with the right front of the tractor-trailer. The tractor-trailer then jack-knifed, swerved to its left and after hitting a pole and a stone wall came to rest, overturned against the front of the Anders house. The tractor-trailer caught fire and was totally destroyed. The front of the Anders house was damaged by fire. The Smith car came to rest against a telephone pole 175 feet west of the intersection.

Appellant contends that judgments n. o. v. should have been entered upon two grounds: (1) that appel-

lant was not negligent; (2) that Esworthy, Shaner's driver, was contributorily negligent as matter of law. With these contentions we do not agree.

There is ample evidence of negligence on the part of Smith, the appellant, to go to the jury. As these are motions for judgments for defendant n. o. v., we are required to view the evidence and all inferences therefrom most favorably to plaintiff Shaner. The day was clear and the road dry. It was testified that when the tractor-trailer was about 500 feet away from the intersection, at the same time Smith's car was from 300 to 400 feet away from the intersection. The speed limit for Ridge Pike is fifty miles per hour. As both vehicles were approximately the same distance from the intersection, presumptively they arrived at the intersection at approximately the same time. As an official stop sign was located on Joshua Road where it intersects Ridge Pike, it was necessary that Smith come to a full stop before proceeding into the intersection. It was also necessary that he look to his left. As the day was clear and the view unobstructed the accident would not have occurred unless Smith neglected to take these required precautions. This was Smith's burden in this case as Ridge Pike is a through highway. It necessarily follows that if Smith had stopped, either he did not look to his left or, if he had looked, he did not heed the apparent danger. The tractor-trailer was swerving to its left and at the moment of impact was turning away from the Smith car. Smith had the duty of yielding the right of way to a vehicle upon a through highway. Several witnesses testified that Smith said he didn't know how the accident occurred and that he would have to see the police report. In addition, the evidence is such that the Smith car could not have reached the intersection ahead of the tractor-trailer in sufficient time to have stopped, looked and then proceeded with safety. The

court below was correct in submitting the issue of negligence on the part of Smith to the jury.

We cannot declare that Esworthy was guilty of negligence solely upon the testimony of Richard McCuen, one of plaintiffs' witnesses. This boy was playing football in a field three hundred feet away from the intersection. He was kneeling down and the opposing team was in a huddle. McCuen testified that while in this position he saw that when the tractor-trailer was *300* feet away from the intersection and traveling at about 45 miles per hour, the Smith car was "almost halfway into the intersection," and was in motion. There was an absence of evidence of the speed of the Smith car; whether Esworthy, the driver of the tractor-trailer, did not slow down; no evidence that the Smith car stopped in the intersection or was in slow motion in the west bound lane of Ridge Pike, so that Esworthy could have been held negligent in not coming to a stop to avoid a collision. Neither is there evidence that Esworthy, having seen Smith in motion and committed to the intersection after having stopped there or having seen that he was *not* going to stop at the stop sign, nevertheless neglected to take reasonable precautions to avoid a collision. Cf. *Schall v. Penn Transit Company,* 352 Pa. 129, 132, 42 A. 2d 278.

This Court said, speaking through Mr. Justice JONES, in *Scholl, Admrx., v. Phila. Sub. Transp. Co.,* 356 Pa. 217, 224, 51 A. 2d 732: "To take away summarily, on the ground of contributory negligence, a plaintiff's right to go to the jury on that question, upon the presumption of his decedent's care, requires evidence so *clear, direct and positive* as to preclude any difference in the minds of fair and reasonable men with regard to the decedent's negligence." (Emphasis supplied)

426

McCuen's testimony does not measure up to the standard of clear, direct and positive. While the *jury* could infer negligence on the part of the driver of the tractor-trailer, the *court* could not, under this evidence, so declare it as matter of law.

Judgments affirmed.