**Kathryn SCHIPFER**

v.

**Bernard MAKOWSKI and Richard Schipfer.**

**No. 20947.**

United States District Court
E. D. Pennsylvania.

March 28, 1957.

N. Carl Schwartz, Sidney B. Klovsky, Philadelphia, Pa., for plaintiff.

Norman Paul Harvey, John J. McDevitt, 3rd, Philadelphia, Pa., for defendant Bernard Makowski.

Harry F. Brennan, Chas. L. Ford, Philadelphia, Pa., for defendant Richard Schipfer.

KRAFT, District Judge.

In this diversity action the plaintiff, a passenger in her son's automobile, sued her son and Bernard Makowski to recover damages for injuries suffered by her in a collision between the two vehicles operated by the defendants. At the trial no evidence was submitted on behalf of Makowski who filed, under Fed. Rules Civ.Proc. rule 50, 28 U.S.C., a motion for a directed verdict on which decision was reserved. After a verdict against both defendants Makowski alone moved to set aside the verdict against him and to have judgment entered in his favor pursuant to his trial motion.

The single question posed by this motion is whether the evidence was sufficient to establish any negligence on Makowski's part which proximately contributed to the cause of this collision.

States v. One Gardner Roadster, D.C., 35 F.2d 777; and United States v. One Buick Automobile, D.C., 21 F.2d 789.

2. 18 U.S.C.A. § 3617.

Though the evidence on this question was slight, the evidence and the inferences arising therefrom must be considered, upon this motion, in the light most favorable to the plaintiff, resolving any conflicts in her favor. Finnin v. Neubert, 378 Pa. 40, 105 A.2d 77.

■ The collision occurred in daylight on April 2, 1955, at the right-angle intersection of highway routes 322 and 501 in Lancaster County, Pennsylvania. The weather was clear and the road surface dry. Both highways were paved with macadam to an approximate width of 24 feet at and near this intersection. Rt. 322 ran in an east-west course and Rt. 501 in a north-south course. Rt. 322 was a "Thru Traffic" highway but stop signs were erected on Rt. 501 immediately before its intersection with Rt. 322. Makowski was driving westwardly on Rt. 322 as he approached the intersection. Schipfer, approaching the intersection, was driving northwardly on Rt. 501. A gasoline service station with an appurtenant building occupied the southeast corner at the intersection. The west wall of this building was 20 to 30 feet east of the easterly edge of Rt. 501. From the testimony of State Police Officer Kishbaugh the jury was justified in finding that, as Makowski approached the intersection and cleared the west wall of this building, he had an unobstructed view to the south on Rt. 501 for about 500 feet and that, as he approached more closely to the edge of Rt. 501, he had an unobstructed view south for an even greater distance.

Makowski entered the intersection and the front of his car struck the side of the Schipfer vehicle when the latter, in the intersection, was across the extended center line of Rt. 322. The only evidence of any explanation of the collision by Makowski is the testimony of Officer Kishbaugh that, shortly after the collision, Makowski told him: "We were headed west and all of a sudden this car shot out in front of us. I applied brakes but there was no chance to avoid it." This evidence was sufficient to permit the jury to find that, from the time Makowski was 20 to 30 feet east of the easterly edge of Rt. 501 until he reached it, he had a clear view of the intersection and of Rt. 501 for at least 500 feet south from the intersection; that his failure to see the Schipfer car until it was in front of him resulted from his own failure, before entering the intersection, to look south on Rt. 501 for approaching northbound vehicles in the lane which he would first enter and cross; that Makowski, relying on the fact that he was on a "Thru Traffic" highway and failing to look for approaching traffic upon the intersecting highway which he was about to and did enter, was negligent. As the Pennsylvania Supreme Court stated in Schall v. Penn Transit Co., 352 Pa. 129, 132, 42 A.2d 278, 279: "* * * the operator of a vehicle on a through highway may not, notwithstanding his superior right of way, rely blindly upon an assumption that the operator of a vehicle on an intersecting road or street will obey the law; *he must be reasonably vigilant to observe traffic conditions on the intersecting highway, and if he carelessly ignores the approach of a vehicle after he sees, or should have seen, that it has not in fact stopped before entering the through highway he is thereby guilty of contributory negligence.*" (Emphasis supplied.)

### Order

Now, March 28, 1957, the motion of the defendant, Bernard Makowski, for a directed verdict, upon which decision was reserved, is now denied and his motion to set aside the verdict and the judgment entered thereon and to have judgment entered in his favor is denied and the judgment is permitted to stand.