## John W. Bollinger *v.* John N. Greenaway, Jr., Appellant.

*Automobiles—Collision—Negligence— Trespass — Contributory negligence—Act of June 30, 1919, P. L. 678.*

In an action of trespass to recover damages arising out of a collision between the automobiles of the plaintiff and the defendant at a street intersection, the question of contributory negligence of the plaintiff was properly left to the jury, where the only evidence of his negligence could have been his failure to see the defendant, had he looked in the direction from which defendant was approaching.

Under the Act of June 30, 1919, P. L. 678, one arriving at a street intersection a substantial distance in advance of another, is entitled to proceed, irrespective of the right or left rule.

Where the verdict of the jury establishes the fact that the position of the respective parties was such that the plaintiff had the right-of-way, the mere fact that defendant was approaching from the plaintiff's right, would not change the situation.

Argued March 13, 1924.   Appeal, No. 19, March T., 1924, by defendant, from judgment of C. P. York Co., Aug. T. 1922, No. 235, on verdict for plaintiff, in case of John W. Bollinger v. John N. Greenaway, Jr.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ.   Affirmed.

Trespass to recover damages arising from an automobile collision.   Before WANNER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of six hundred thirty dollars, and judgment thereon.   Defendant appealed.

*Error assigned* was the refusal of the court to give binding instructions in favor of the defendant.

*J. Edgar Small,* and with him *Samuel K. McCall,* for appellant.—Where a person fails to see that which was

plainly obvious, such person is clearly guilty of contributory negligence: Miller v. West Jersey & S. R. R. Co., 257 Pa. 517; Smathers v. Street Ry. Co., 226 Pa. 212; Potter v. Scranton R. Co. 19 Pa. Superior Ct. 444.

*John J. Bollinger,* for appellee.

OPINION BY GAWTHROP, J., April 21, 1924:

This is an action of trespass to recover damages alleged to have been caused by the negligence of the defendant in the operation of his automobile. On December 18, 1921, between 3 p. m. and 4 p. m., the plaintiff was driving his automobile northwardly on Centennial Avenue in the Borough of Hanover, approaching Frederick Street at a right angle; at the same time the defendant was driving his automobile westwardly on Frederick Street toward Centennial Avenue. Frederick Street is thirty-four feet wide. When the plaintiff was at a point one hundred and three feet from the street intersection, he had an unobstructed view to the east on Frederick Street for a distance of sixty-six feet. As he moved northwardly from that point, the distance he could see in that direction increased rapidly. Just before he reached the curb line of Frederick Street, he could see almost a square to the east. He and the other occupant of his car testified that when they arrived at that point and looked to the east, the defendant's automobile was not in sight. Immediately before the plaintiff. committed himself to the crossing of Frederick Street, he observed on the north side of that street two pedestrians who were about to cross High Street, which is the name given to the continuation of Centennial Avenue, to the north of Frederick Street. The plaintiff testified that he looked to the right for approaching traffic just after committing himself to crossing Frederick Street, but that he did not look again because he was watching the two pedestrians. His car was struck by the defendant's car on its right side near the rear door when it was

about the center of Frederick Street. There was evidence that the plaintiff's car was moving at the rate of about seven or eight miles an hour, and that the defendant's car was moving at about fifteen miles per hour and that the latter gave no warning of its approach to the crossing. The defendant testified that he did not see the plaintiff's car until he was within ten feet of it. A verdict was rendered for the plaintiff, on which judgment was entered, and the defendant has appealed. The only question raised by the assignments of error is whether the defendant is entitled to judgment because the plaintiff was guilty of contributory negligence as matter of law.

The appellant contends that the case calls for the application of the rule of law, governing the case of one who is about to cross a railroad track, that where a person fails to see that which is plainly obvious, such person is clearly guilty of contributory negligence. He urges that the plaintiff must either have seen the defendant's automobile and have taken his chances of crossing in front of it, or that he did not look, and that in either case he was guilty of contributory negligence as matter of law. In support of his contention, he cites Miller v. West Jersey & S. R. R. Co., 257 Pa. 517. But, unfortunately for him, the test in the case of one about to cross a railroad track is not applicable to the case of two vehicles approaching the intersection of two public streets. It is not negligence per se for one to undertake to cross a public highway when a vehicle is approaching and within view. It is the duty of one approaching the crossing of a street intersection to observe what is or may be approaching on the other street and, where another vehicle is first at the crossing, to give it an opportunity to clear the same; and to use due care to avoid a collision: Gray v. Fox, 69 Pa. Superior Ct. 218; Black v. Mark, 273 Pa. 138. The Act of June 30, 1919, P. L. 678, 695, which provides, "when two vehicles approach the intersection of two public highways at the

same time, the vehicle approaching from the right shall have the right of way," must be given a reasonable and practicable application. One arriving at the intersection a substantial distance in advance of the other is entitled to proceed, irrespective of the right or left rule: Weber v. Greenbaum, 270 Pa. 382. If the plaintiff was so far in advance of the defendant as to afford him a reasonable time to clear the crossing, it was the duty of the defendant to give way. As it was not contributory negligence per se for the plaintiff to undertake to cross the street merely because the defendant's car was approaching from the right, the important fact would seem to be the distance that the defendant's car was from the crossing when the plaintiff proceeded to cross. That fact was for the jury and was submitted in a charge, of which no complaint is made by any assignment of error. The verdict establishes that the position of the respective parties was such that the plaintiff had the right of way. With that fact found for the plaintiff, there is no merit in the appellant's contention that the plaintiff was negligent because he took the chances of driving in front of the defendant's car, which he says he did not see, but must have seen if he had used his eyes. If the plaintiff was justified in proceeding across Frederick Street, he cannot be declared guilty of contributory negligence as matter of law, because, in watching pedestrians crossing High Street, he failed to continue to look to the west for approaching traffic. Whether his actions amounted to negligence under the circumstances was for the jury.

The assignments of error are overruled, and the judgment is affirmed.