## DeSena *v.* American Reduction Company, Appellant.

*Negligence—Collision of automobiles—Evidence—Case for jury.*

In an action of trespass for personal injuries, the evidence established that the defendant's truck drove past another machine at the rate of thirty miles an hour, and struck the plaintiff's truck, which was in a line of cars crossing a street intersection. This testimony was denied by the defendant, who claimed that its truck was standing still when struck by the car of the plaintiff.

Under such circumstances, the court did not err in charging the jury that they were not called upon to apply the rule as to the right of way laid down in Sec. 25 of the Motor Vehicle Act of 1919, P. L. 618.

*Trials C. P.—Charge of Court—Insufficiency.*

Under a general exception to the charge of the Court, counsel may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury. He may also assign the whole charge as inadequate if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved. But, it is still the general rule that error cannot be assigned of what was not said by the trial judge, without a request so to charge.

Argued April 29, 1926.   Appeal No. 155, April T., 1926, by defendant, from judgment of C. P. Allegheny County, July T., 1924, No. 2844, in the case of Domenico DeSena v. American Reduction Company. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $2,500, and judgment thereon. Defendant appealed.

*Error assigned* was the charge of the court, and refusal of defendant's motion for a new trial.

*Simon T. Patterson,* of *Wallace, Patterson & Collin,* for appellant.

*H. Fred Mercer,* for appellee.

OPINION BY KELLER, J., July 8, 1926:

Action of trespass for personal injuries resulting from a collision between two motor trucks. Verdict

and judgment for plaintiff. The plaintiff's and defendant's versions of the happening were widely different. In view of the verdict in his favor, alleged errors in the court below which are concerned with conflicting testimony must be passed upon in the light most favorable to the plaintiff.

Error is assigned to, (1) an excerpt from the court's charge; (2) the refusal of defendant's motion for a new trial. With respect to the latter, we find no abuse of discretion in this action of the court below. Whether plaintiff was guilty of contributory negligence or not was a question for the jury. The evidence of plaintiff and his witnesses made out a case free from contributory negligence. There was no indisputable evidence or uncontroverted physical facts which demonstrated the falsity of their story. The photograph of plaintiff's truck relied on by appellant does not establish it. Their evidence was not inconsistent with a glancing blow on the rear side of plaintiff's truck. The case bears no likeness in its facts to Horen v. Director General, 274 Pa. 244, cited by appellant. The charge of the court was not inadequate, in our opinion; nor did the defendant's counsel, apparently, so regard it at the conclusion of the trial, for he took only a general exception to it. Under such an exception he may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury; or he may assign the whole charge as inadequate if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved. But, it is still the general rule that error cannot be assigned of what was not said by the trial judge, without a request so to charge: Mastel v. Walker, 246 Pa. 65, 71. Judged by this standard the appellant has no ground for com-

plaint in this appeal, based on the inadequacy of the charge, such as to call for a new trial.

The trial judge in his charge stated, in effect, that this was not a case where, under the testimony, the jury were called upon to apply the rule (Act of June 30, 1919, P. L. 618, sec. 25, p. 695), that when two vehicles approach the intersection of two public highways at the same time, the vehicle approaching from the right has the right of way. He was justified in doing so because the testimony failed to bring the case within the condition which warrants the application of the rule. According to plaintiff's story, he was traveling on Penn Avenue westward from East Liberty to Pittsburgh in a line formed of a street car and four automobiles, about six feet apart, at a speed of from twelve to fifteen miles an hour, and when he was almost across the intersection of Euclid Avenue was struck on the rear right side of his truck by defendant's truck which, speeding southward on Euclid Avenue past an automobile waiting for the traffic on Penn Avenue to go by, was traveling at a rate of thirty to thirty-five miles an hour, and failed to clear plaintiff's truck. With the intersection already occupied by a line of moving vehicles, the fact that defendant's driver was approaching from the right gave him no warrant to dash at a reckless speed into the moving line, nor furnished any excuse for his failure so to control his car as to clear the plaintiff who was well across before the defendant approached the intersection. See Weber v. Greenbaum, 270 Pa. 382; Bollinger v. Greenway, 83 Pa. Superior Ct. 217, 220.

On the other hand defendant's story was that its truck came leisurely south on Euclid Avenue and when across the westbound track on Penn Avenue and extending into the dummy between the tracks, stopped still, waiting for a trolley car on the eastbound track to turn south into Euclid Avenue; and while it was

thus standing stationary, the plaintiff drove his car rapidly westward on Penn Avenue and recklessly tried to pass in the space between the trolley car and defendant's truck and failing to do so hit the latter. It is clear that the right of way rule laid down in the Act of 1919, supra, has no application to a standing vehicle.

In the very recent case of Gillett v. Yellow Cab Co., 87 Pa. Superior Ct. 365, where a somewhat similar situation existed, we said, speaking through our brother GAWTHROP: "The Act of June 30, 1919, P. L. 618, 695, announcing the rule governing the case where two vehicles approach an intersection at the same time had no application here." The circumstances which prevented the application of the rule in that case were not as strong or as clearly differentiated as those outlined above.

The assignments of error are overruled and the judgment is affirmed.