## McCandless, Appellant, *v.* Krut.

Argued April 18, 1940.

Before Keller, P. J., Cunningham, Baldrige, Stadtfeld, Parker, Rhodes and Hirt, JJ.

*Lee C. McCandless,* of *Marshall & McCandless,* for appellant.

*Wm. C. McElvain,* with him *W. D. Brandon* and *J. Campbell Brandon,* of *Brandon & Brandon,* for appellee.

OPINION BY RHODES, J., June 24, 1940:

Plaintiff brought this action in trespass against defendant to recover damages to his milk truck caused by a collision at intersecting streets with defendant's florist truck. Both motor vehicles were being driven at the time by employees of their respective employers, and in furtherance of the latters' business. The jury rendered a verdict in favor of plaintiff. The court below granted defendant's motion for judgment n. o. v. From the judgment in favor of defendant, plaintiff has appealed, and assigns as error the granting of defendant's motion.

The only question before us for review is whether the testimony of plaintiff's driver established his contributory negligence as a matter of law, and thereby precluded plaintiff's recovery. That defendant's driver was negligent is admitted. It is plaintiff's contention that the court below failed, in granting defendant's motion, to read the testimony in the light most favorable to plaintiff. Of course, the evidence and the logical inferences which arise from it must be viewed in the light most favorable to plaintiff as the jury found for him. It is true, as plaintiff argues, that if the testi-

mony of the driver of plaintiff's truck was contradictory and in one aspect showed contributory negligence and in another it did not, so that his testimony leaves the question of his contributory negligence in doubt, it was for the jury to reconcile the conflicting statements and say which shall prevail, and that plaintiff did not have the burden of disproving contributory negligence. See *Adams v. Gardiner,* 306 Pa. 576, 585, 160 A. 589; *Kessler, Adm'r, v. Philadelphia Rapid Transit Co.,* 107 Pa. Superior Ct. 143, 149, 163 A. 393; *Gardner v. Kline et al.,* 137 Pa. Superior Ct. 505, 508, 9 A. 2d 487.

The court below granted defendant's motion for judgment n. o. v. on the ground that plaintiff's driver was contributorily negligent as a matter of law. As his testimony, in our judgment was clear and contained no material contradictions or inconsistencies, this conclusion was correct. As we view it the only inference that can be drawn from his testimony is that the accident was caused, at least in part, by his own carelessness and disregard of his obvious duty. The testimony of plaintiff's driver is the only testimony involved.

On the morning of November 25, 1937, a milk truck, owned by plaintiff, was being driven by his employee, Lester G. Lewis, north on Monroe Street in the city of Butler. This street is 50 feet in width from property line to property line. The roadway, 30 feet in width, is paved with brick. A sidewalk area 10 feet wide is between curbs and property line. At about the same time a florist truck, owned by defendant, was being driven by defendant's employee, Raymond Oesterling, east on Locust Street, an intersecting street, which has a width of 50 feet between property lines. Thirty feet of Locust Street west of Monroe Street, including the intersecting, is also paved with brick between curbs, and there are sidewalks and sidewalk area on each side of the curbs of the width of 10 feet. Locust Street east of the intersection was not paved but was surfaced with ashes. Neither of the streets was designated

through streets, and no stop signs were erected. At the corner of the intersection of the west line of Monroe Street and the south side of Locust Street a frame residence and store building stands flush with the property line and lines of both streets. The two trucks collided near the center of the intersection, and plaintiff's truck came to rest near the northeast corner of the intersection.

Plaintiff's driver testified that he entered Monroe Street south of the intersection with his truck in second gear; that he proceeded north on Monroe Street, and changed from second to high gear as he approached the intersection; that he looked to the left and "couldn't see anything"; that there was nothing coming from his right on Locust Street; that his truck was traveling between 20 and 25 miles an hour as he approached and entered the intersection; that he did not intend to make any stop at the intersection; that he did not apply his brakes as he approached it. He also testified as follows: "Q. Is there a building erected on the corner of Locust and Monroe Streets, on the southwest corner? A. Yes. Q. That building obstructs the view on Locust? A. It does to anything that is directly behind it. Q. As a matter of fact you can't see along Locust Street at all? A. You can't see as you are further back, you can see down Locust down below the building on an angle. Q. As you approach the intersection you can't see down Locust Street? A. No. ...... Q. As a matter of fact, Mr. Lewis, you made no effort to see past the corner after you were past the building line; you didn't look? A. Yes, I looked as I was going into the intersection. Q. That was the time you saw the Krut truck? A. Yes. Q. How far away was it before you saw it? A. A few yards."

It is clear that plaintiff's driver entered the intersection without having looked west on Locust Street, and unmindful of any approaching vehicles from his left. His view to the left was obstructed until he

virtually reached the southerly line of the intersection, especially as to any vehicle going east on the proper side of that street. Nevertheless, he proceeded into the intersection at undiminished speed and without any intention to stop. It was only after he was entering the intersection that he looked to see what was coming east on Locust Street, and at that time defendant's truck was only 15 to 30 feet away from him. Considering the width of Monroe Street, both trucks must have reached the intersection at about the same time, but we accept plaintiff driver's version that he arrived there first. He admitted that he did not sound his horn at the intersection and made no attempt to stop after he saw defendant's truck. When entering the eastbound traffic lane of Locust Street, it was his duty to use proper care under the circumstances to avoid a collision with an approaching vehicle even though he may have had the technical right of way; this abstract right gave him no privilege to proceed blindly or heedlessly into the intersection. *Byrne et al. v. Schultz et al.*, 306 Pa. 427, 432, 160 A. 125; *Shapiro et ux. v. Grabosky*, 320 Pa. 556, 559, 184 A. 83; *Spear & Co. v. Altmyer*, 124 Pa. Superior Ct. 9, 14, 187 A. 309.

The testimony of plaintiff's driver is subject to no other construction than that he did not look on Locust Street for approaching traffic from the west until he was in the intersection, traveling at an undiminished speed 20 or 25 miles per hour, his view on that street having been obstructed by buildings as he approached the intersection. When he finally looked and saw defendant's truck it was too late to avoid the collision. A driver of a motor vehicle who enters a street intersection without looking for vehicles proceeding on the cross street is contributorily negligent as a matter of law; he must not only look for cross traffic at an intersection, but must continue to look as he crosses in order to avoid a possible collision. *Jaski et ux. v. West Park Daily Cleaners & Dyers, Inc.*, 334 Pa. 12,

14, 5 A. 2d 105. To look when you cannot see because of intervening buildings is of no avail.

The contributory negligence of plaintiff's driver was established by his own testimony, and therefore plaintiff is not entitled to recover from defendant the damages sustained.

The assignment of error is overruled.

Judgment is affirmed.