Steingart *v.* Kaney, Appellant.

Argued March 4, 1941.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADT-FELD, RHODES and HIRT, JJ.

*Raymond Bialkowski,* of *Bialkowski, Bialkowski & Bialkowski,* for appellant.

*Francis D. Mahon,* with him *David Schwartz,* for appellee.

OPINION BY BALDRIGE, J., April 18, 1941:

The plaintiff brought this action in trespass to recover damages to his truck and for personal injuries as the result of an automobile collision. The trial resulted in a verdict for the plaintiff in the sum of $507.50. The defendant filed motions for a new trial and for judgment n. o. v. The learned court below granted a new trial on the ground that the charge to the jury was inadequate under our rulings in *Hess et al. v. Mumma et al.,* 136 Pa. Superior Ct. 58, 7 A. 2d 72. The question now before us is: Did the trial judge err in refusing to affirm defendant's request for binding instructions and in denying her motion for judgment n. o. v.? Our answer is, No.

The accident occurred in the city of Scranton at the intersection of Wyoming Avenue and New York Street. Wyoming Avenue is a through highway extending in a northerly and southerly direction, 50 feet in width between curbs, with two 20 foot lanes of traffic, divided by a grass plot 10 feet wide. New York Street is 30 feet wide between curbs and runs in an easterly and westerly direction across Wyoming Avenue at right angles.

The plaintiff, at 2:30 p. m. on October 26, 1938, a clear, bright day, was driving his ½ ton Ford truck south in the westerly or right traffic lane on Wyoming Avenue toward its intersection with New York Street. The defendant was driving her sedan car west on the northerly side of New York Street and was approaching its intersection with Wyoming Avenue.

Under the plaintiff's testimony, which must be read in the light most favorable to him in passing upon the present controversy, when he was about 15 or 20 feet north of the intersection, traveling at 18 or 20 miles per hour, he looked to his left or east, the direction from which the defendant was traveling on New York

Street, and saw no vehicles. As he was about to enter the intersection he looked again in both directions. He had a view then to his left of "possibly a few feet" beyond and east of a stop sign located on New York Street, 15 feet from the northeasterly corner of the intersecting streets, and he observed no traffic approaching or in the intersection. Later he testified that he could possibly see in that direction about one-half block. He then proceeded across the intersection at the rate of 18 to 20 miles per hour, thus going approximately 27 to 30 feet per second, and according to his direct examination continued looking. In cross-examination he stated that when he was in the intersection he did not look either to the left or to the right, and first saw the defendant's car when "she was almost on top of me" veering toward the southerly side of the intersection at a speed of 30 miles per hour. When his truck was 2/3 to 3/4 of the distance across New York Street the defendant's car struck the rear left side of his truck turning it over on its right side against a telephone pole located on the western side of New York Street, 14 feet beyond or south of the southerly side of the intersection. Defendant's car continued in a southwesterly direction, passed over the curb, crashed into a stop sign on New York Street near the southwest side of the intersection, then ran 60 or 70 feet through a hedge hitting an iron fence and finally stopped in the yard of the second lot west of the corner.

George Oakes, who was driving a truck following about 30 feet in the rear of the plaintiff's truck, was about to enter the intersection when the plaintiff had almost crossed New York Street. Oakes did not observe the defendant's car until it was in the intersection. He corroborated plaintiff as to his rate of speed, and that the defendant's car struck the plaintiff's truck as he had described.

The defendant gave a different version of the accident. She testified that when she reached the intersec-

tion she came to a full stop and 'after looking to the left and right, not seeing any cars, she proceeded to cross the intersection in low gear. Then she "happened to see" as she "turned around" plaintiff's car 20 feet away "coming down the street pellmell." In an endeavor to avoid an accident she made a left turn, crossed in front of plaintiff's motor and mounted the curb on the southwestern corner of New York Street. She denied that her car came in contact at any time with the plaintiff's truck and stated that the damages thereto and the injuries he sustained were the result of the truck coming in contact with the pole.

While it is true that there was some conflict in the plaintiff's testimony as to the precaution he took, that does not bar his recovery. It was the duty of the jury to reconcile his inconsistent statements and determine which should prevail: *Adams v. Gardiner,* 306 Pa. 576, 585, 160 A. 589. "Ordinarily where the testimony of a plaintiff, or of his witnesses, in a negligence case is so contradictory or inconsistent that in one aspect it shows contributory negligence and in the other does not, it is for the jury to reconcile the conflicting statements and determine which shall prevail. The reason for the rule is that a plaintiff does not have the burden of disproving contributory negligence:" *Kessler, Adm. v. Philadelphia Rapid Transit Company,* 107 Pa. Superior Ct. 143, 149, 163 A. 393, 395. See, also, *Gardner v. Kline et al.,* 137 Pa. Superior Ct. 505, 9 A. 2d 487. If the plaintiff made the observation he stated in his direct examination he discharged the duty imposed upon him by law. He may not have been able to see the defendant as he entered the intersection as he was not struck immediately thereafter.

The plaintiff in approaching the intersection had the technical right of way, as he was on defendant's right. We recognize, however, that that fact did not warrant his driving his car into an inevitable collision. If plaintiff's car reached the intersection first under the con-

ditions he stated prevailed he could reasonably assume that one coming from his left would recognize his superior right to the intersection. This is especially true as a driver on New York Street was confronted with a stop sign. The defendant, as a considerate driver, should have taken the precaution required by our statute, of stopping her car at the warning sign: *Adams v. Gardiner*, supra, 581.

In *Rhinehart v. Jordan et al.*, 313 Pa. 197, 169 A. 151, involving a right angle collision between automobiles, the Supreme Court in reversing the court below in sustaining a judgment for plaintiff, stated p. 199: "The learned trial judge was of opinion that the defendant Jordan was guilty of negligence, and so charged the jury, because Jordan said he had not looked to the north after passing a point 75 feet from the intersection. At the time, Jordan was traveling on a through highway at a speed of 20 to 25 miles an hour. It took him less than three seconds to traverse the distance to the intersection, and he had the right to suppose that anyone coming to the crossing would obey the stop signal, and give him the right of way ...... It was error for the trial judge to say as a matter of law that Jordan was negligent under such circumstances. His negligence was clearly a question for the jury."

This accident occurred, as above noted, after the plaintiff had almost completed crossing New York Street. As the learned court below pointed out there was evidence to support the finding that defendant's car had sufficient room to pass behind the plaintiff's truck in safety had she remained on her side of the highway, instead, as she testified, she "just shot out in front of him." Even if we assume that the plaintiff had observed the defendant's car traveling at the rate of speed she testified, as he was about to enter the intersection, the court could not say as a matter of law that he was not justified in concluding that he could cross the intersection in safety, or that the danger was so obvious

that he was guilty of contributory negligence. In other words it was not reasonably likely that a driver approaching his left would disregard the stop sign and that plaintiff's attempt to exercise his right of way would probably result in a collision. See *Adams v. Gardiner,* supra, p. 584.

The appellant argues that *Spear and Company v. Altmyer,* 124 Pa. Superior Ct. 9, 187 A. 309; *Clee v. Brinks, Inc.,* 135 Pa. Superior Ct. 345, 5 A. 2d 387; and *McCandless v. Krut,* 140 Pa. Superior Ct. 183, 14 A. 2d 181, control this case. A reference to those cases shows that they are distinguishable in their facts from the instant case. In the Spear case we said, p. 14: "The only possible construction which can be placed upon his [plaintiff's] testimony is that he either drove into the intersection at a speed of from 20 to 25 miles an hour without looking for any vehicles which might be approaching, or, if he did look, he drove directly in the path of a truck which he must have seen coming on his right at the rate of 40 miles an hour." It appears there that the right front of plaintiff's truck was struck by the defendant's truck before he had driven half way across the intersection, and that defendant's truck was " 'on top' of him" when he got to the intersection.

In the Clee case on the street over which defendant's truck had been driven there was no stop sign and the defendant approached the intersection on plaintiff's right. The plaintiff, therefore, was not justified, as in the instant case, in assuming that the defendant's truck would stop before entering the intersection.

In the McCandless case both the trucks reached the intersection about the same time and the plaintiff made no attempt to stop after he saw defendant's truck, to avoid a collision. It was there stated p. 187: "The testimony of plaintiff's driver is subject to no other construction than that he did not look on Locust Street for approaching traffic from the west until he was in the

intersection, traveling at an undiminished speed 20 or 25 miles per hour, his view on that street having been obstructed by buildings as he approached the intersection."

Whether or not this plaintiff discharged his duty as a reasonably prudent man would have done under the circumstances was in our judgment a question for the jury. It is not such a clear case that the court should have declared as a matter of law that the plaintiff was guilty of contributory negligence.

Order is affirmed.