## Commonwealth *v.* Kettering, Appellant.

Argued April 10, 1944. Before KELLER, P. J., BALDRIGE, RHODES, HIRT, KENWORTHEY, RENO and JAMES, JJ.

*Robert H. Braun, Jr.,* for appellant.

*Charles B. Jarrett,* Assistant District Attorney, with him *Russell H. Adams,* District Attorney, for appellee.

OPINION BY RHODES, J., July 15, 1944:

Defendant was charged with having committed an

indecent assault upon a nine year old child. The jury returned a verdict of guilty. The court below refused a new trial and imposed sentence. Defendant has appealed.

The Commonwealth's case rested upon the testimony of two girls, each being nine years of age. Defendant denied the accusation, and at the trial offered testimony to establish an alibi.

Among the assignments of error is one which relates to the charge of the court. In that part of the charge embraced in the second assignment of error the trial judge said: "You are not bound to accept the testimony of either side. You can create your own picture as to what happened and no one has a right to tell you what your verdict should be or what your conclusion should be."

Although defendant took only a general exception to the charge, we think this instruction was basically and fundamentally erroneous, and requires a reversal of the judgment and a new trial.

In *De Sena v. American Reduction Co.,* 88 Pa. Superior Ct. 199, at page 201, we said that under a general exception a defendant "may assign all actual errors of law, or any material matter that is so inadequately presented as to be calculated to mislead the jury; or he may assign the whole charge as inadequate if it fails to present the real questions in the case, or if its general effect is to give a wrong or misleading impression to the jurors concerning the material issues involved." See, also, *Hess et al. v. Mumma et al.,* 136 Pa. Superior Ct. 58, 66, 7 A. 2d 72; *Sears v. Birbeck,* 321 Pa. 375, 391, 184 A. 6.

We will not ordinarily reverse where the charge, read as a whole, does not contain basic or fundamental error and, when so considered, the issues were fairly put before the jury. *Schmidt v. Campbell et al.,* 136 Pa. Superior Ct. 590, 595, 7 A. 2d 554. But there is

nothing in the charge in the present case that corrects the error set forth in the second assignment.

A verdict of guilty must be founded on the evidence in the record. The jury under the instructions might have arrived at conclusions without any evidence upon which to base them. The jury could have assumed that they were not controlled by the evidence in the case but were at liberty to ignore it and create their own version as to what transpired.

While it was for the jury to pass upon the credibility of the witnesses, the guilt of the defendant could not be based upon unfounded assumptions. We think it was the duty of the trial judge to keep the jury within its province in finding the facts from the evidence, and not give the jury the privilege to "create [their] own picture as to what happened" by ignoring the testimony and finding facts which were not properly established.

Judgment is reversed, and a new trial granted.