Reiter *v.* Andrews, Appellant.

Argued May 1, 1944. Before KELLER, P. J., BALD-RIGE, HIRT, KENWORTHEY, RENO and JAMES, JJ. (RHODES, J., absent).

*Edward M. McGinness,* for appellant.

*Samuel G. Wagner,* of *Wagner & Wagner,* with him *Alan D. Riester* and *Paul W. Brandt,* for appellee.

OPINION BY HIRT, J., July 19, 1944:

In this trespass action arising from an intersection collision of two automobiles judgment was entered for plaintiff on the verdict for damages to his car. Defendant questions the refusal of judgment for him n. o. v. contending that the evidence charges plaintiff with contributory negligence.

In the early evening of April 25, 1936, about dusk, plaintiff was driving his automobile north on Elizabeth-McKeesport Road, a through highway. He is a physician and was very familiar with the road but was not then on a professional call. Defendant was driving his car west on Lovedale Road. The headlights of both automobiles were on. Both parties knew of a "Thru Traffic Stop" sign on Lovedale Road on the approach to the intersection of the through highway. "Several hundred feet" before plaintiff reached the intersection he observed defendant's car approaching from his right. He testified: "As I was approaching the intersection I was watching, I had been watching his car. I knew it was there." He observed that defendant was traveling slowly and was further slackening his speed. His assumption that defendant would stop was well founded; defendant did stop his car 15 or 20 feet from the intersection but then immediately proceeded into the intersection intending to make a left turn. Defendant's right front fender came in contact with the rear of plaintiff's car causing it to overturn in the intersection. Plaintiff at the moment of impact was looking straight ahead but saw defendant's car as it struck his right rear bumper and fender.

Defendant was negligent in proceeding into the

through highway, after a mere formal compliance with the mandate of the stop sign, without observing plaintiff's approach. Plaintiff testified that before reaching the intersection he could see to his right for a distance of 300 feet down Lovedale Road. The inference was for the jury that defendant could have seen plaintiff's car had he looked. If defendant's view in fact was obstructed as he approached the highway after stopping, he was chargeable with negligence by his faiure to continue to look for oncoming traffic on the through highway and to control his automobile accordingly. *Riley v. McNaugher*, 318 Pa. 217, 178 A. 6.

Plaintiff on the other hand was not chargeable with contributory negligence merely because he failed to anticipate the negligence of defendant. *Handfinger et al. v. Barnwell Bros. Inc.*, 325 Pa. 319, 189 A. 312. Under the circumstances plaintiff was justified in assuming that defendant would obey the mandates of §§1016 and 1014 of the Act of May 1, 1929, P. L. 905, as amended, 75 PS 591(b), 573(c), and not only would stop but would yield the right of way to plaintiff.

At the time of the accident the maximum speed limit of a motor vehicle on a highway was 40 miles per hour. Amendment of July 16, 1935, P. L. 1056, §29. Whether plaintiff forfeited his right of way by exceeding the speed limit and was chargeable with contributory negligence on that ground was a question for the jury. *Maio Exrx. v. Fahs et al.*, 339 Pa. 180, 14 A. 2d 105. Plaintiff slowed down for a railroad crossing 100 feet from the intersection. Defendant relies on plaintiff's estimate of his speed, after crossing the railroad track in approaching the intersection, at "between 40 and 50 miles an hour." But defendant ignores plaintiff's further testimony on cross-examination: "Q. And you saw this car coming and you continued to travel at forty to fifty miles an hour? A. I couldn't tell you how fast

I was going at that moment. ...... Generally on that road I was going forty to fifty miles an hour. Q. How fast were you traveling here? A. At the time I hit the intersection? Q. Yes. A. That would be a guess. I don't know. I would say it would be *thirty* to fifty. I don't know. I had slowed up and started to speed up again,—slowed up for the railroad crossing. Q. You started to speed up before you got across the intersection? A. I think so."

This is a case which invites emphasis on the principle that, with the verdict in plaintiff's favor, he is entitled to the most favorable inferences from all of the testimony. The burden of proving plaintiff's contributory negligence was on the defendant; no burden of disproof rested on the plaintiff. For this reason it was the duty of the jury to reconcile plaintiff's contradictory or inconsistent statements in the light of the circumstances and determine which should prevail. *Steingart v. Kaney,* 144 Pa. Superior Ct. 534, 19 A. 2d 499. "When by reason of conflicting statements the plaintiff's testimony leaves the question of his contributory negligence in doubt, *since he has not the burden of proof on that issue,* it is for the jury to decide the real facts in relation thereto, notwithstanding the conflict": *Drake v. Emhoff,* 145 Pa. Superior Ct. 498, 21 A. 2d 492. (Italics added.) The case, involving recollection of details of a collision which occurred in 1936, was not tried until 1942. In the meantime the maximum speed limit had been increased to 50 miles an hour. Plaintiff apparently was a frank and honest witness and it was not unreasonable for the jury to conclude that in describing what was actually normal driving, six years after the event, he was thinking in terms of the present. The most favorable inferences from the testimony support the conclusion of the jury that plaintiff observed the ordinary precautions as to speed and did not exceed the then legal limit; that he was watchful

of defendant's approaching car and was not chargeable with contributory negligence by his failure merely to avoid the collision. This is not a case where a plaintiff heedlessly drove into the path of an oncoming car in an intersection with notice that a collision was probable. *Dudenhoefer et al. v. Williams*, 127 Pa. Superior Ct. 166, 193 A. 77.

Judgment affirmed.