## UNITED STATES v. GOLDMAN.

### No. 4429.

District Court, E. D. Pennsylvania.

June 25, 1945.

Gerald A. Gleeson, U. S. Atty., and Thomas J. Clary, Asst. U. S. Atty., both of Philadelphia, Pa., for plaintiff.

Raymond A. White, Jr., of Philadelphia, Pa., for defendant.

KALODNER, District Judge.

The plaintiff in this case seeks to recover for damage to one of its mail trucks resulting from a collision with defendant's automobile. The cause was tried without a jury.

The accident occurred at the intersection of Paschall Avenue and 67th Street in the City of Philadelphia, on December 13, 1943. The defendant freely admitted his negligence and the sole question for determination is whether or not the plaintiff's driver was guilty of contributory negligence.

Upon consideration of the evidence I make the following findings of fact:

1. The accident out of which this case arose occurred on December 13, 1943, at about 11:30 a.m. Plaintiff's vehicle was travelling eastward on Paschall Avenue, toward and across the intersection with 67th Street. Defendant was driving his motor vehicle southward on 67th Street across the intersection of Paschall Avenue.

2. Paschall Avenue at its intersection with 67th Street, in the City of Philadelphia, is a through highway.

3. Proper "stop" signs are located at the southeast and northwest corners of said intersection requiring vehicles on 67th Street to come to a full and complete stop before entering the intersection.

316

4. Plaintiff had the right of way over the defendant.

5. Defendant in violation of the Motor Vehicle Code of Pennsylvania, 75 P.S. § 1 et seq., failed to stop, and entered the intersection without stopping, entirely disregarding the "stop" signs.

6. The cost of repairs to plaintiff's vehicle is $75.81.

7. The collision occurred because of the negligence of the defendant and the contributory negligence of the plaintiff.

### Discussion

The testimony conclusively established that both the defendant and the plaintiff's truck driver negligently operated their respective vehicles at the time of the happening of the accident and that their negligence caused the accident. The defendant was negligent in that he failed to stop his automobile when he came to Paschall Avenue, in disregard of the "stop" signs at the intersection. The plaintiff's driver was negligent in that, although he was operating his vehicle on a "through" highway, he failed to exercise due care under the circumstances.

The plaintiff's driver, Moore, testified that he was driving the mail truck east on Paschall Avenue and that when the front of the truck was at the west curb line he first saw defendant's motor vehicle coming south on 67th Street, just west of the center of the street. At that time the defendant's car was about a car length north of the north curb line on Paschall Avenue. Moore testified he didn't stop but continued to cross the intersection at about 25 miles per hour, and that when he was a little more than half way he concluded that an accident was inevitable and that he swerved to the right but was unable to avoid a collision between the two cars. The weather was clear and the streets were dry.

On cross-examination Moore testified that he had stated in writing on February 8, 1944, that he had first observed the defendant's car when the front of his truck was about half way across 67th Street and that the defendant's car was then at the north curb of Paschall Avenue, travelling at a speed of about 20 miles an hour. Moore's testimony clearly establishes his negligence.

Under the Pennsylvania decisions motorists must exercise due care at street intersections under all circumstances. Operators of motor vehicles must have their cars under such control that they can stop at the slightest danger. The right of way on a through highway is merely a permissive right—due care must be exercised to avoid a collision with an approaching vehicle at an intersection.

In Schall v. Penn Transit Co., 352. Pa. 129, at page 131, 42 A.2d 278, at page 279, decided April 9, 1945, the Supreme Court of Pennsylvania stated the applicable rule as follows: "* * * It is true that, because of those provisions,[1] it has frequently been ruled that a person operating a vehicle on a through highway is justified in assuming that anyone approaching on an intersecting road or street will obey the stop signal and give him the right of way as required by the code. Rhinehart v. Jordan, 313 Pa. 197, 199, 200, 169 A. 151, 152; Balkie v. Philadelphia Rapid Transit Co., 331 Pa. 93, 95, 200 A. 52, 53; Rowles v. Evanuik, 350 Pa. 64, 68, 69, 38 A.2d 255, 257; Torrens v. Belfatto, 116 Pa.Super. 339, 343, 176 A. 533, 535; Roth v. Hurd, 140 Pa.Super. 401, 404, 405, 13 A.2d 891, 893; Steingart v. Kaney, 144 Pa.Super. 534, 19 A.2d 499; Glennon v. Ostroff, 147 Pa.Super. 182, 184, 185, 24 A.2d 29, 30; Reiter v. Andrews, 155 Pa.Super. 449, 451, 38 A.2d 508, 510. But section 1014(c) of the Vehicle Code [75 P.S. § 573(c)], after providing, as above stated, that the operator of a vehicle entering a through highway shall yield the right of way to all vehicles approaching on such highway, further states that '*This provision shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of arbitrary exercise of such right of way.*' Therefore the operator of a vehicle on a through highway cannot, notwithstanding his superior right of way, rely blindly upon an assumption that the operator of a vehicle on an intersecting road or street will obey the law; he must be reasonably vigilant to observe traffic conditions on the intersecting highway, and if he carelessly ignores the approach of a vehicle after he sees, or should have

---

[1] Sec. 1016, Pennsylvania Vehicle Code of May 1, 1929, P.L. 905, 75 P.S. § 591(c).

seen, that it has not in fact stopped before entering the through highway he is thereby guilty of contributory negligence. * * *" (Emphasis supplied.)

Accordingly, I state the following conclusions of law:

1. The plaintiff's driver, Moore, was guilty of contributory negligence in the manner in which he drove his motor vehicle across Paschall Avenue at its intersection with 67th Street.

2. Under all the evidence in the case, the finding is in favor of the defendant.

An order may be submitted in accordance with this opinion.