**MUSHROOM TRANSP. CO., Inc. et al. v. UNITED STATES.**

Civil Action No. 4192.

United States District Court
M. D. Pennsylvania.

July 3, 1953.

Michael Kivko and Roger S. Haddon, Sunbury, Pa., for plaintiffs.

Arthur A. Maguire, U. S. Atty., Scranton, Pa., Charles W. Kalp, Asst. U. S. Atty., Lewisburg, Pa., for defendant.

FOLLMER, District Judge.

This action was instituted by the plaintiffs, Mushroom Transportation Company, Inc., and Cyril A. Pitoniak, against the United States of America under the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq., to recover for damages to a tractor, owned by Cyril A. Pitoniak, and a trailer, owned by Mushroom Transportation Company, Inc., which damage occurred when the tractor-trailer collided with a United States Post Office bus, owned by defendant, and thereafter swerved off the road and rammed into a house.

It was agreed by the parties that the evidence presented in a companion suit by Nina H. Showers and Myra L. Gemmill, the owners of the house involved in the

accident, should be used by the Court to decide this action, supplemented by evidence on any matters with which the jury in that action would not be concerned.

## Findings of Fact

The facts are:

1. The plaintiffs, Mushroom Transportation Company, Inc., and Cyril A. Pitoniak, are and at the time of the occurrences herein set forth were, respectively, the owners of a Strick trailer and a Brockway tractor.

2. On December 15, 1950, at about 10:20 o'clock A.M., Theodore L. Mitcheltree, as an employee and agent of Cyril A. Pitoniak, owner of a Brockway tractor, and Mushroom Transportation Company, Inc., owner of a Strick trailer, was driving said tractor-trailer unit in a northerly direction on a through highway known as United States Highway Route No. 15 within the Village of White Deer, White Deer Township, Union County, Pennsylvania.

3. At the same time and place, one Joseph Shank, an employee of the United States of America and within the scope of his employment, was operating a United States Post Office bus in a northwesterly direction on a side road in the Village of White Deer, known as "Old Main Street" or old Route No. 15, to a point where same, at an angle, entered the United States Highway Route No. 15, and continued driving said Post Office bus onto said main United States Highway Route No. 15 in a northerly direction.

4. There was a Highway Department "Thru Traffic Stop" sign on said "Old Main Street" at its point of entrance onto United States Highway Route No. 15.

5. At the time Shank drove the Post Office bus onto the main highway there was a clear view to his left (the direction from which the tractor-trailer was approaching); he saw the tractor-trailer approaching at a speed which he estimated at 40–50 miles per hour; the road was wet, slushy and slippery; the tractor-trailer, which had the technical right-of-way, was only 350 to 400 feet away; Shank proceeded onto the main highway on an arc which took the front of the Post Office bus beyond the center of the highway, and at the time of collision the front left of the Post Office bus was still beyond the center of the highway.

6. Shank negligently operated the Post Office bus in entering the main highway from the side road, past a stop sign with all the dangers and conditions present at the time he did so, and such negligence was a proximate cause of the accident.

7. There was concurring contributory negligence on the part of Mitcheltree, driver of the tractor-trailer. He was driving in excess of the legal speed limit on a road that was wet, slushy and slippery, at a point where he was about to pass a main intersection in the Village, with the Post Office bus, at the time in plain view, entering such main highway from the side road about 350–400 feet distant and having been in plain view proceeding to the point of entrance for some time prior thereto. The tractor-trailer was being so operated that even after the right top front part of trailer contacted the left top rear portion of the Post Office bus, the tractor-trailer continued off the highway to the left and crashed into a two story frame house some distance off the road with such force that it tore off the front porch and a large portion of the front of the house and moved the front part of the house 17 feet off of its foundation.

## Discussion

The Findings of Fact set forth the circumstances of the accident. The law of Pennsylvania is that although the driver of a vehicle entering a through highway or stop intersection shall yield the right-of-way to all vehicles approaching in either direction on such through highway, "This provision shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way." 75 P.S.Pa. § 573(c). As was stated by the Supreme Court of Pennsylvania in Martin v. Hoffman, 1950, 365 Pa. 364, 75 A.2d 529, 530, "This right of a vehicle on

a through highway is a qualified one. The driver must still exercise due care * * *."[1]

Mitcheltree operating his tractor-trailer at an unlawful speed, on slippery roads, his carelessly ignoring the approach of the Post Office bus after he saw it or should have seen it, and his general lack of control of his vehicle under all the circumstances and conditions then existing, compels a conclusion that he was guilty of contributory negligence. In the companion case of Nina H. Showers and Myra L. Gemmill previously referred to, and in which the present plaintiffs were third-party defendants, the jury likewise so found.

### Conclusions of Law

1. Jurisdiction of the main action is vested in this Court by virtue of the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq.

2. The plaintiffs' driver, Mitcheltree, was guilty of contributory negligence in the manner in which he operated the tractor-trailer prior to and at the time of the accident.

3. Under all the evidence in the case the finding is in favor of the defendant.

Let order be submitted accordingly.

1. See also Longo ex ux. v. Yellow Cab Co., D.C.E.D.Pa., 79 F.Supp. 478; United States v. Goldman, D.C.E.D.Pa., 61 F. Supp. 315.