310

Templin, Appellant, *v.* Harbold.

Argued March 13, 1967. Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*J. Edward Pawlick,* for appellant.

*Robert J. Brown,* with him *Kain, Brown & Roberts,* for appellee.

OPINION BY SPAULDING, J., June 16, 1967:

This is an appeal by plaintiff Raymond Templin from an order of the trial court sustaining a compulsory nonsuit.

On the evening of May 5, 1965, plaintiff was driving north on Continental Road in York, Pennsylvania, and defendant was traveling east on Fireside Road. The cars collided in the middle of the intersection of these roads.[1] Both vehicles were damaged[2] and plaintiff sustained severe injuries. He claimed $1,164.20 in special damages[3] plus damages for pain and suffering and defendant counterclaimed for $208.21, the damage to her car.

The trial court concluded plaintiff failed to prove defendant was negligent and found that he was con-

---

[1] The uncontradicted evidence is that the front of defendant's car hit the left side of plaintiff's.

[2] It was stipulated that plaintiff's car was totally demolished.

[3] Plaintiff's claims for special damages include: $74.25 medical and hospital expenses, $805.00 damage to his car, $10.00 towing fee, $225.00 lost earnings, $35.00 damaged raincoat, and $14.95 damaged tape recorder.

tributorily negligent as a matter of law.[4] We cannot agree.

Plaintiff testified at trial: "I was driving north . . . and I had slowed down because the intersection is blocked, the view to the left is blocked by a hedge and by some trees, evergreen trees. I shifted the car into second gear, I looked to the right, no traffic coming; I nosed the car out into the intersection, because you have to do that in order to get a view, and I saw nothing coming the other way and I started across the street. . . . I was part way across and a boy ran out in the street ahead of me being chased by another boy. I put my foot on the brake and then the world seemed to collapse on me. I didn't know nothing and then I came to later." Plaintiff also presented the following uncontradicted evidence. While traveling 20 miles per hour, he "nosed out into the intersection", looking right and then left. Defendant's car was not in view, although he could see 60 feet to his left. This would indicate plaintiff's car entered the intersection before defendant's or at approximately the same time. Defendant never denied involvement in the accident.

With no traffic controls at the intersection, plaintiff had the right of way under §1013 of The Vehicle Code which in pertinent part provides: ". . . When two (2) vehicles . . . approach or enter . . . an intersection at approximately the same time, the operator of the vehicle . . . on the left, shall yield the right of way to the vehicle . . . on the right . . . ." April 29, 1959, P. L. 58, §1013, 75 P.S. §1013. At the close of the trial on November 15, 1965, the court below considered the ques-

---

[4] Defendant agreed to a voluntary nonsuit as to her counterclaim. This was granted by the trial court "with the explicit understanding that in the event that the compulsory nonsuit entered against the plaintiff should be removed, the defendant likewise will be permitted to remove the voluntary nonsuit to the end that if the need arises both claims may be submitted to a jury."

tion of defendant's negligence to be "extremely close" and concluded: ". . . we believe that the photographs of the vehicles, as well as the testimony that the collision occurred at some point in the intersection, would warrant the jury in concluding . . . that the plaintiff first entered the intersection and was thereafter struck by defendant's car. If this were so, this would constitute negligence on the part of the defendant." This is difficult to reconcile with the trial court's subsequent opinion of March 14, 1966 which stated there was "no evidence whatsoever" of when the cars entered the intersection and concluded ". . . there was not a scintilla of evidence from which anyone could conclude that defendant did or failed to do anything which constituted lack of due care."

We conclude plaintiff has presented evidence to show he was entitled to the right of way under §1013 and that defendant was negligent.

In finding plaintiff guilty of contributory negligence, the court below relied on *Smith v. United News Company,* 413 Pa. 243, 196 A. 2d 302 (1964); *Papkin v. Helfand and Katz,* 346 Pa. 485, 31 A. 2d 112 (1943); and *McCandless v. Krut,* 140 Pa. Superior Ct. 183, 14 A. 2d 181 (1940). Those cases require a motorist to observe conditions at the time of entry into an intersection and indicate his duty to observe continues until he is assured of safe clearance. In none of these cases, however, was there any evidence of emergency or distraction and the plaintiffs provided no explanation for their failure to continue looking.

The instant case is similar to *Bollinger v. Greenaway,* 83 Pa. Superior Ct. 217 (1924), where the plaintiff was also distracted by pedestrians. In *Bollinger,* the Court concluded: ". . . he [plaintiff] cannot be declared guilty of *contributory negligence as a matter of law,* because, in watching pedestrians crossing High Street, he failed to continue to look to the west [sic]

for approaching traffic. *Whether his actions amounted to negligence under the circumstances was for the jury.*" (Emphasis added.) In the case at bar, the trial court attempted to distinguish *Bollinger* by saying: "There, plaintiff actually saw defendant, but failed to continue to watch him because his attention was distracted. Here, plaintiff never saw defendant's car at any time. . . ." However, there is no indication in the *Bollinger* opinion that the plaintiff ever saw the defendant before the accident.[5]

*Bollinger* holds that, in such an emergency situation, the plaintiff is justified in concentrating on the immediate crisis at the risk of not looking a second time for approaching cars, if he has already looked and has seen nothing. At the very least, the plaintiff is not guilty of contributory negligence as a matter of law.

It is clear "a finding of contributory negligence as a matter of law must be supported by a record that inescapably leads to that conclusion; otherwise, the question is one for determination by the jury." *Smith v. United News Company*, supra at 247. *Topelski v. Universal South Side Autos, Inc.*, 407 Pa. 339, 180 A. 2d 414 (1962). It is also well settled that a nonsuit

---

[5] In fact, the Court clearly suggests plaintiff did not see the defendant: "Just before he [plaintiff] reached the curbline of Frederick Street, he could see almost a square to the east. He and the other occupant of his car testified that when they arrived at that point and looked to the east, the defendant's automobile was not in sight. Immediately before the plaintiff committed himself to the crossing of Frederick Street, he observed on the north side of that street two pedestrians who were about to cross High Street . . . to the north of Frederick Street. The plaintiff testified that he looked to the right for approaching traffic just after committing himself to crossing Frederick Street, but that he did not look again because he was watching the two pedestrians. His car was struck by the defendant's car on its right side near the rear door when it was about the center of Frederick Street." Id. at 218, 219.

should be entered only in clear cases and evidentiary conflicts must be resolved in favor of the plaintiff. *Calloway v. Greenawalt*, 418 Pa. 349, 211 A. 2d 435 (1965); *Flagiello v. Crilly*, 409 Pa. 389, 187 A. 2d 289 (1963). Under Pennsylvania law, it is not necessary that every fact point unerringly to liability and a case is properly submitted to the jury when a reasonable conclusion can be reached which would place liability on the defendant. *Devenney v. North Franklin Township Volunteer Fire Department, Inc.*, 209 Pa. Superior Ct. 378, 228 A. 2d 61 (1967); *Smith v. Bell Telephone Company of Pennsylvania*, 397 Pa. 134, 153 A. 2d 477 (1959).

In the case at bar, because of the darting out of the two boys in front of plaintiff, his failure to continue looking left was not contributory negligence as a matter of law. Plaintiff discharged his initial burden of producing evidence and was entitled to a jury determination.

Decision reversed and new trial granted.[6]

---

[6] Pursuant to the agreement at trial, the voluntary nonsuit entered against defendant's counterclaim is hereby removed.