## Jurich, Appellant, *v.* United Parcel Service of New York, Inc.

Argued November 18, 1975. Before WATKINS, P. J., HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ. (JACOBS, J., absent).

*John E. Evans, Jr.*, with him *Evans, Ivory & Evans*, for appellant.

*Frederick N. Egler*, with him *Paul R. Marks*, and *Egler & Reinstadtler*, for appellee.

OPINION BY VAN DER VOORT, J., March 29, 1976:
Appeal is taken from judgment entered for appellee

following the lower court en banc's denial of appellant's motion to remove a compulsory non-suit granted for appellee on October 15, 1974, by Judge SILVESTRI, sitting with a jury. Appellant was non-suited immediately following presentation of his case, a suit in trespass seeking damages for personal injury and property damage arising out of a collision between the parties' vehicles.

Our deliberations and consideration of the facts of this case will be governed by our recent statement in *Paul v. Hess Brothers, Inc.*, 226 Pa. Superior Ct. 92, 94-95, 312 A.2d 65, 66 (1973):

"On appeal from a compulsory nonsuit the plaintiff must be given the benefit of every fact and every reasonable inference of fact arising from the evidence, whether direct or circumstantial, and all conflicts must be resolved in the plaintiff's favor. *McDonald v. Ferrebee*, 366 Pa. 543, 79 A.2d 232 (1951). A compulsory nonsuit may be entered only in a clear case where the facts and circumstances lead unerringly to but one conclusion. *McNett v. Briggs*, 217 Pa. Superior Ct. 322, 272 A.2d 202 (1970)."

To justify the granting of a non-suit, it must appear from plaintiff's statement of his case that there is no evidence legally sufficient to maintain the action and to warrant the case going to the jury for fact-finding. *Mazur v. Kann*, 343 Pa. 376, 22 A.2d 707 (1941). Thus the case must go to the jury if there are presented sufficient facts which preponderate in favor of the plaintiff's statement of the case and in favor of liability of the defendant, which liability will be determined by the jury. *Smith v. Bell Telephone Co.*, 397 Pa. 134, 153 A.2d 477 (1959). If plaintiff does present such a *prima facie* case, it is the function of the jury to pass upon his credibility and persuasiveness. *Fady v. Danielson Construction Co.*, 224 Pa. Superior Ct. 33, 302 A.2d 405 (1973).

Appellant testified that on April 6, 1972, between 10:00 and 10:30 A.M., good weather prevailing, he was

traveling a down-grade on the two-lane Whitaker Street approaching its intersection with Mifflin Street. The location is in Whitaker Borough, near Pittsburgh. The intersection is controlled by a "stop" sign for traffic traveling along Mifflin Street. Appellant stated that he saw appellee's van-type truck approaching from his left down Mifflin Street, also a slight down-grade. As appellant entered and proceeded approximately ten feet into the intersection, his eyes were directed straight ahead. Appellee's vehicle struck appellant's car at the latter's left rear side. Appellant could not testify as to whether appellee had stopped at the "stop" sign on Mifflin Street. Further, appellant testified that appellee stated to the investigating police officer, " 'I'm going to lie myself out of this one' ". On cross-examination, appellant reiterated that he was looking straight ahead when entering the intersection.

Two witnesses - ladies standing on the corner waiting for a bus - were called by both parties. One witness stated that she did not see this accident happen because she was standing and talking with the other witness. She of course heard the crash and then directed her attention to the collision. The second witness testified that she saw appellee's truck stopped and appellant's car bearing down upon her, whereupon she jumped into near-by hedges.

The grant by the lower court of compulsory non-suit was based upon its conclusion that appellant had not made out a *prima facie* case of appellee's negligence, and that appellant was contributorily negligent as a matter of law. We disagree.

It is clear that appellee's negligence may be inferred from appellant's having seen him approach the intersection notwithstanding other witness' testimony that appellee had stopped at the sign. The negligence which may be inferred is that appellee proceeded into the intersection when another entering the same intersection had the right-of-way. See *Kline v. Kachmar*, 360 Pa. 396,

61 A.2d 825 (1948) and a legion of other cases which have found negligence on the part of one who proceeds into an intersection without thorough examination of the cross-approaches, even after his observance of the traffic controls applicable to his lane of traffic. Accepting appellant's statements of fact, as we must, we readily see that his testimony creates an inference of negligence in appellee, which question, without more, is one of fact for the jury.

The trial judge found contributory negligence as a matter of law because of appellant's apparent failure to continue to make sure that the intersection was clear before proceeding through it. Even though the judge found no *prima facie* case, he also found that this contributory negligence as a matter of law would defeat any finding of a *prima facie* case of appellee's negligence. While we agree with the lower court's statement that all drivers must approach an intersection with care, relying upon *Goldenberg v. Philadelphia Rural Transit Co.*, 112 Pa. Superior Ct. 163, 170 A. 360 (1934), we believe that a motorist approaching an intersection uncontrolled for him is not under the stricter duty of care as one who approaches a controlled intersection. See *Reiter v. Andrews*, 155 Pa. Superior Ct. 449, 38 A.2d 508 (1944). Whether appellant in the instant case was negligent contributorily is a matter of fact. "The assumption that another driver will obey the traffic rules cannot be adjudged negligent unless the person making the assumption has timely warning that his confidence in the other's lawabidingness is misplaced." *Jones v. Williams*, 358 Pa. 559, 564, 58 A.2d 57, 60 (1948). We cannot find, based on appellant's testimony that he did see the approaching truck on a "stop" street, and from witness' testimony that appellee had in fact stopped, that appellant so failed to exercise necessary caution as to be guilty of contributory negligence as a matter of law. See *Musi v. Sarro*, 370 F.2d 113 (3d Cir. 1966) and *Andrews v. Long*, 425 Pa. 152, 228 A.2d 760 (1967). Contributory

negligence is a jury question upon the facts as presented at the trial of this case.

Judgment reversed and case remanded for a new trial.

PRICE, J., dissents.