420 A.2d 1349
**Wayne Francis FAUZER and Sharon Hajduk, Appellants,**

v.

**PHILADELPHIA GAS WORKS and Albert Jones.**

Superior Court of Pennsylvania.

Argued March 19, 1980.

Filed July 18, 1980.

Allen L. Feingold, Philadelphia, for appellants.

Nicholas J. Lisi, Philadelphia, for appellees.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

This is an appeal from the refusal of the court below to take off a compulsory non–suit granted against the plaintiff Wayne Francis Fauzer in an automobile accident case heard without a jury.[1]  We reverse.

The plaintiff was operating his automobile on Ridge Avenue, Philadelphia on November 21, 1974 on a wet road.  He saw the defendant's vehicle, a large gas truck, about 150 feet away to his left in a private driveway on the property

1.  Plaintiff Sharon Hajduk's case was disposed of prior to appeal.

of an apartment complex. When he was about 100 feet away, he saw the truck move into the highway. When he was about 45 to 60 feet from the truck he started applying his brakes and turned to the left to avoid the collision. His car skidded into the truck, which by that time had blocked all four lanes of the highway. The lower court found the plaintiff guilty of contributory negligence as a matter of law and entered a non–suit.

The then applicable Vehicle Code defining the duties required of an operator entering a highway from a private road or drive provided in § 1014(a): "The driver of a vehicle entering a highway from a private road or drive shall yield the right of way to all vehicles approaching on such highway." [2] Clearly, here the plaintiff had the right of way and as such he was not required "to anticipate and guard against a want of ordinary care on the part of the defendant . . . . Under the evidence in the case, the trial judge could not properly have declared the plaintiff guilty of contributory negligence as a matter of law." *Kline v. Kachmar*, 360 Pa. 396, 61 A.2d 825 (1948). See Meyer Penna. Vehicle Negligence § 3.25. Whether contributory negligence was present was a jury question under the facts here. *See Jurich v. United Parcel Service of New York, Inc.*, 239 Pa.Super. 306, 361 A.2d 650 (1976).

Reversed.

2. Substantially re–enacted in the Vehicle Code, 1976, June 17, P.L. 162, Act No. 81, 75 Pa.C.S.A. § 3324 effective July 1, 1977.